Joseph Vance, P.C.
Miller Nash LLP
500 Broadway Street, Suite 400
Vancouver, WA  98660
Joseph.Vance@millernash.com

Michael R. Gray
Michael.Gray@lathropgpm.com
Craig P. Miller
Craig.Miller@lathropgpm.com
Frank J. Sciremammano
Frank.Sciremammano@lathropgpm.com
David C. Archer
David.Archer@lathropgpm.com
LATHROP GPM LLP
500 IDS Center
80 South Eighth Street
Minneapolis, MN  55402

*Attorneys for Defendants National Maintenance
Contractors, LLC, NMC Franchising, LLC, Marsden
Services, LLC, Gregg McDonald, Noe Valladares,
Ryan Lee, Jesse Wilmore, Steven Watkins, Lise
Watkins, and Guy Mingo*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **MAURA ESCOBAR, ROGELIO RODRIGUEZ, RAQUEL ESCOBAR, JUAN ACEITUNO, BRENDA ACEITUNO, EFRAIN MARTINEZ, CECILIA GUTIERREZ, FRANCISCO UMANA, EDWARD UMANA, RAFAELA GUTIERREZ, LUIS ALFARO, LILENA VÁZQUEZ, MARTHA DOMINGUEZ, MARCO SERVIN, VICTOR HUGO GARCIA, SILVIA BARRAZA, JORGE GARCIA, ULISAR MORALES, ALEJANDRO SANCHEZ, HILDA ARVIZU, SOLOMON DENBEL, ZETZAEL MADRIGAL, MARIA MADRIGAL, IGNACIO LOPEZ, CONCEPCION CRUZ, CONCEPCION SOLIS, GERARDO RAMIREZ-CRUZ, GERARDO RAMIREZ-SOLIS, JESSICA RAMIREZ-SOLIS, LUIS SOLIS, KAREN MARTINEZ, TATIANA DIKHAMINDZHIYA,** and **GEORGY DIKHAMINDZHIYA,** individually,** | Case No.: 3:20-cv-01695-SB |
| | **ANSWER TO SECOND AMENDED COMPLAINT AND COUNTERCLAIMS** |
| Plaintiffs, | Fair Labor Standards Act, Trafficking Victims Protection Act, Internal Revenue Code, Racketeer Influenced and Corrupt Organizations Act (RICO) Oregon RICO Washington RICO Oregon Wage and Hour Law, Oregon Labor Contractor Law, Washington Wage and Hour Law, Contract Law Tort Law |
| v. | |
| **NATIONAL MAINTENANCE CONTRACTORS, LLC**, a Delaware limited liability company; **NMC FRANCHISING, LLC,** a Delaware limited liability company; **MARSDEN SERVICES, LLC,** a Delaware limited liability corporation, **GREGG MCDONALD, NOE VALLADARES, JIM WADE, RYAN LEE, JESSE WILMORE, STEVEN WATKINS, LISE WATKINS,** and **GUY MINGO,** individuals, | DEMAND FOR JURY TRIAL |
| Defendants. | |

Defendants National Maintenance Contractors, LLC; NMC Franchising, LLC; Marsden Services, LLC; Greg McDonald; Noe Valladares; Jim Wade; Ryan Lee, Jesse Wilmore, Steven Watkins, Lise Watkins, and Guy Mingo (collectively "Defendants") deny each and every allegation, except as hereinafter admitted or otherwise qualified.  For their answer to each specific paragraph of the Complaint, Defendants state as follows:

## I.    INTRODUCTION

1.    Defendants admit that National Maintenance Contractors, Inc. was founded by Lyle Graddon. Defendants are without information sufficient to form a belief as to the truth of the allegations regarding the dates or states of National Maintenance Contractors, Inc.'s registration and therefore deny the same. Defendants admit that a consent decree ("Consent Decree") was entered into by National Maintenance Contractors, Inc. in 1992. Defendants further respond that they are not parties to the Consent Decree; the Consent Decree is expressly non-binding on Defendants; and the Consent Decree speaks for itself. Defendants deny the remaining allegations in Paragraph 1.

2.    Defendants deny the allegations in Paragraph 2. Defendants further respond that in April 2006, National Maintenance Contractors, LLC purchased the assets of the former owner of the "National Maintenance Contractors" name and franchises from National Maintenance Contractors, Inc.

3.    Defendants admit the allegations in Paragraph 3.

4.    In response to the allegations in Paragraph 4, Defendants state that they are not parties to the Consent Decree; the Consent Decree is expressly non-binding on Defendants; and the Consent Decree speaks for itself. Defendants deny the remaining allegations in Paragraph 4.

5.    In response to Paragraph 5, Defendants affirmatively state that Plaintiffs are current or former franchisees of National Maintenance Contractors, LLC and/or NMC

1

Franchising, LLC (collectively, "NMC"), as such are or were owners and operators of independent businesses, and are not and have never been employees of NMC. Defendants deny the remaining allegations in Paragraph 5.

6.     Defendants deny the allegations in Paragraph 6.

7.     Paragraph 7 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 7.

8.     Paragraph 8 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 8.

9.     Paragraph 9 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 9.

10.     Paragraph 10 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 10.

11.     Paragraph 11 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12.     Paragraph 12 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12.

13.     Paragraph 13 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 13.

14.     Paragraph 14 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15.     Paragraph 15 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

16.     Paragraph 16 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 16.

## II. Jurisdiction

17.     Defendants admit the allegations in Paragraph 17.

18.     Defendants admit the allegations in Paragraph 18.

19.     Defendants admit that venue is proper in this district under 28 U.S.C. §

1391(b)(2) and that this Court has personal jurisdiction over Defendants.

## III. Parties

20.     Defendants are without information or knowledge sufficient to form a belief as to
the truth of the allegations in Paragraph 20 and therefore deny the same.

21.     Defendants are without information or knowledge sufficient to form a belief as to
the truth of the allegations in Paragraph 21 and therefore deny the same.

22.     Defendants are without information or knowledge sufficient to form a belief as to
the truth of the allegations in Paragraph 22 and therefore deny the same.

23.     Defendants are without information or knowledge sufficient to form a belief as to
the truth of the allegations in Paragraph 23 and therefore deny the same.

24.     Defendants are without information or knowledge sufficient to form a belief as to
the truth of the allegations in Paragraph 24 and therefore deny the same.

25.     Defendants are without information or knowledge sufficient to form a belief as to
the truth of the allegations in Paragraph 25 and therefore deny the same.

26.     Defendants are without information or knowledge sufficient to form a belief as to
the truth of the allegations in Paragraph 26 and therefore deny the same.

27.     Defendants are without information or knowledge sufficient to form a belief as to
the truth of the allegations in Paragraph 27 and therefore deny the same.

28.     Defendants are without information or knowledge sufficient to form a belief as to
the truth of the allegations in Paragraph 28 and therefore deny the same.

29.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore deny the same.

30.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore deny the same.

31.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore deny the same.

32.     In response to Paragraph 32, Defendants affirmatively state that Plaintiffs are current or former franchisees of NMC, and as such, are or were owners and operators of independent businesses, and have never been employees of NMC. Defendants deny the remaining allegations in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33.

34.     In response to Paragraph 34, Defendants affirmatively state that Plaintiffs are current or former franchisees of NMC, and as such, are or were owners and operators of independent businesses, and have never been employees of NMC. Defendants deny the remaining allegations in Paragraph 34.

35.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore deny the same.

36.     Paragraph 36 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 36.

37.     Paragraph 37 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 37.

38.     Paragraph 38 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 38.

39.     Defendants admit that National Maintenance Contractors, LLC, is a Delaware limited liability company.  Defendants deny the remaining allegations in Paragraph 39.

40.     Defendants admit that NMC Franchising, LLC, is a Delaware limited liability company.  Defendants deny the remaining allegations in Paragraph 40.

41.     Paragraph 41 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 41.

42.     Paragraph 42 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 42.

43.     Defendants admit that Gregg McDonald ("McDonald") is a resident of the State of Oregon.

44.     Defendants admit that McDonald was a regional Director of NMC Franchising, LLC ("NMC Franchising") from its formation to 2016. Defendants deny the remaining allegations in Paragraph 44.

45.     Defendants admit that Noe Valladares ("Valladares") is a natural person and resident of the State of Oregon.

46.     Defendants admit that Valladares has serves as an Area Director – Oregon for NMC Franchising since April 2016, and served as a Director of Operations for NMC Franchising and National Maintenance Contractors, LLC between 2008 and 2016. Defendants deny the remaining allegations in Paragraph 46.

47.     In response to the allegations in Paragraph 47, Defendants affirmatively state that Jim Wade ("Wade") is deceased and deny the remaining allegations in Paragraph 47.

48.     Defendants admit that Wade held multiple roles for National Maintenance Contractors, LLC and NMC Franchising from 2006 to 2013, including Operations Manager,

Franchise Sales Manager, and Franchise Director. Defendants deny the remaining allegations in Paragraph 48.

49.     Defendants admit that Ryan Lee ("Lee") is a resident of the State of Washington.

50.     Defendants admit that Lee was a Regional Director of NMC Franchising from 2013 to 2016. Defendants deny the remaining allegations in Paragraph 50.

51.     Defendants admit that Jesse Wilmore ("Wilmore") is a resident of the State of Washington.

52.     Defendants admit that Wilmore served as a Regional Director of NMC Franchising from March 2015 to February 2017. Defendants deny the remaining allegations in Paragraph 52.

53.     Defendants admit that Steven Watkins is a resident of the State of Washington.

54.     Defendants admit that Steven Watkins is an Operations Manager for NMC and has held that role since 2003. Defendants deny the remaining allegations in Paragraph 54.

55.     Defendants admit that Lise Watkins is a resident of the State of Washington.

56.     Defendants admit that Lise Watkins is a Branch Manager – Spokane and Tri-Cities for NMC. Prior to that, Lise Watkins was a Quality Control Manager, and before that, a Day Porter for NMC. Lise Watkins has been employed by NMC in various capacities since 2008. Defendants deny the remaining allegations in Paragraph 56.

57.     Defendants admit that Guy Mingo ("Mingo") is a resident of the State of Minnesota.

58.     Defendants admit the allegations in Paragraph 58.

59.     Defendants admit the allegations in Paragraph 59.

60.     Paragraph 60 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 60.

61.      Paragraph 61 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61.

62.      Paragraph 62 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 62.

63.      Paragraph 63 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64.      Defendants admit only that Marsden Services, LLC is a Delaware limited liability corporation with its principal place of business in St. Paul, Minnesota. Defendants deny the remaining allegations in Paragraph 64.

65.      Paragraph 65 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 65.

66.      Paragraph 66 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 66.

## IV. THE RICO ENTERPRISES

67.      Defendants deny the allegations in Paragraph 67.

68.      Defendants deny the allegations in Paragraph 68.

69.      Defendants deny the allegations in Paragraph 69.

70.      Defendants deny the allegations in Paragraph 70.

71.      Defendants deny the allegations in Paragraph 71.

72.      Defendants deny the allegations in Paragraph 72.

73.      Defendants deny the allegations in Paragraph 73.

74.      Defendants deny the allegations in Paragraph 74.

**V. FACTS**

75.     Paragraph 75 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 75.

76.     In response to Paragraph 76, Defendants affirmatively state that National Maintenance Contractors, LLC, and NMC Franchising, LLC, are franchisors that license franchised businesses engaged in cleaning and maintenance related services for commercial, light industrial, small business, and in some cases residential customers and businesses in Washington and Oregon. Defendants deny the allegations that National Maintenance Contractors, LLC, and NMC Franchising, LLC, "purport to be" franchisors and deny the remaining allegations in Paragraph 76.

77.     Defendants deny the allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80.

81.     Defendants deny the allegations in Paragraph 81.

82.     Defendants deny the allegations in Paragraph 82.

83.     Defendants deny the allegations in Paragraph 83.

84.     Defendants deny the allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants deny the allegations in Paragraph 88.

89.     Defendants admit that prior to executing a Franchise Agreement, an agent of NMC held an initial meeting with each prospective franchisee.

90.     Defendants deny the allegations in Paragraph 90.

91.     Defendants deny the allegations in Paragraph 91.

92.     Defendants deny the allegations in Paragraph 92.

93.     Defendants admit that since around November 2011, NMC Franchising has not and does not grant franchises to individuals or sole proprietorships. Defendants deny the remaining allegations in Paragraph 93.

94.     Defendants deny the allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95.

96.     Defendants admit the allegations in Paragraph 96 to the extent that the "Plaintiff-buyer of Franchise" listed in the chart in Paragraph 96 is associated with the identified "Franchise Name" in the chart. Defendants deny the remaining allegations in Paragraph 96.

97.     Defendants deny the allegations in Paragraph 97.

98.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 98 and therefore deny the same.

99.     Defendants deny the allegations in Paragraph 99.

100.    Defendants deny the allegations in Paragraph 100.

101.    Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

104.    Defendants deny the allegations in Paragraph 104.

105.    Defendants deny the allegations in Paragraph 105. Defendants further state that the renewal rights and obligations in the Franchise Agreements speak for themselves.

106.    Defendants admit that they provide to all prospective franchisees, at least 14 days before the date of purchase, a Franchise Disclosure Document ("FDD")—an extensive disclosure

document that contains detailed financial, operational, payment and fee, and other information to support a prospective franchisee's due diligence and that must comply with applicable state and federal regulations. Defendants state that the FDD provided to any Plaintiff speaks for itself. Defendants state that the FDD also included a copy of the Franchise Agreement and any other contracts related to the franchised business.  Defendants deny the remaining allegations in Paragraph 106.

107.    Defendants deny the allegations in Paragraph 107.

108.    Defendants deny the allegations in Paragraph 108.

109.    Defendants admit that NMC has / had janitorial service agreements with the entities identified in Paragraph 109. Defendants further admit that under the Franchise Agreements, NMC provides franchisees with the right to provide services to NMC Accounts (*i.e.*, National Maintenance Contractors customer accounts that NMC obtains). Defendants deny the remaining allegations in Paragraph 109.

110.    Defendants deny the allegations in Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112.

113.    Defendants affirmatively state that all franchisees are required, under each Franchise Agreement, to purchase commercial insurance related to the operation of the franchised business. Defendants deny the remaining allegations in Paragraph 113.

114.    Defendants deny the allegations in Paragraph 114.

115.    Defendants deny the allegations in Paragraph 115.

116.    Defendants deny the allegations in Paragraph 116.

117.    Defendants deny the allegations in Paragraph 117.

118.    Defendants deny the allegations in Paragraph 118.

119.    Defendants deny the allegations in Paragraph 119.

120.    Defendants deny the allegations in Paragraph 120.

121.    Defendants deny the allegations in Paragraph 121.

122.    Defendants admit that under the Franchise Agreement, for all NMC Accounts for which a National Maintenance Contractors franchisee is offered the right to provide services, the parties agreed to complete a Franchisee Account Acceptance Form. Defendants deny the remaining allegations in Paragraph 122.

123.    Defendants deny the allegations in Paragraph 123.

124.    Defendants deny the allegations in Paragraph 124.

125.    Defendants deny the allegations in Paragraph 125.

126.    Defendants deny the allegations in Paragraph 126.

127.    Defendants deny the allegations in Paragraph 127.

128.    Defendants deny the allegations in Paragraph 128.

129.    Defendants admit that pursuant to the Franchise Agreement, all individuals who provide Services through a National Maintenance Contractors franchised business must satisfy NMC's minimum training requirements as periodically described in the NMC Operations Manual. Defendants deny the remaining allegations in Paragraph 129.

130.    Defendants deny the allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

132.    Defendants admit that multiple franchisees might, from time to time, perform services on the same building, and that NMC Accounts were provided to franchisees in whole or in part. Defendants deny the remaining allegations in Paragraph 132.

133.    Defendants deny the allegations in Paragraph 133.

134.    Defendants admit that some NMC Accounts require franchisees and their employees to wear uniforms while performing services. Defendants deny the remaining allegations in Paragraph 134.

135.    Defendants deny the allegations in Paragraph 135.

136.    Defendants admit the allegations in Paragraph 136.

137.    Defendants deny the allegations in Paragraph 137.

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants admit that franchisees may finance a portion of their Initial Franchise Fees and, depending on the relevant time frame, other investments in their franchised business, as disclosed in the FDD. Defendants deny the remaining allegations in Paragraph 139.

140.    Defendants admit that Franchisees are required to cover the operational costs of their franchised business. Defendants deny the remaining allegations in Paragraph 140.

141.    Defendants deny the allegations in Paragraph 141.

142.    Defendants admit the allegations in Paragraph 142.

143.    Defendants deny the allegations in Paragraph 143.

144.    Defendants deny the allegations in Paragraph 144.

145.    Defendants deny the allegations in Paragraph 145.

146.    Defendants deny the allegations in Paragraph 146.

147.    Defendants deny the allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants deny the allegations in Paragraph 149.

150.    Defendants deny the allegations in Paragraph 150.

***"Escobar" group: Maura Escobar, Rogelio Rodriguez, Raquel Escobar, Hernandez Framing Specialists, LLC***

151.    Defendants deny the allegations in Paragraph 151.

152.    Defendants admit that NMC provided a Franchise Disclosure Document to Escobar at least two weeks before she signed her Franchise Agreement. Defendants deny the remaining allegations in Paragraph 152.

153.    Defendants deny the allegations in Paragraph 153.

154.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 154 and therefore deny the same.

155.    Defendants admit the allegations in Paragraph 155.

156.    Defendants deny the allegations in Paragraph 156.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants deny the allegations in Paragraph 158.

159.    Defendants deny the allegations in Paragraph 159.

160.    Defendants deny the allegations in Paragraph 160.

161.    Defendants deny the allegations in Paragraph 161.

162.    Defendants deny the allegations in Paragraph 162.

163.    Defendants admit that Escobar signed a Franchise Agreement, on behalf of Hernandez Framing Specialists, LLC, with NMC. Defendants deny the remaining allegations in Paragraph 163.

164.    Defendants deny the allegations in Paragraph 164.

165.    Defendants deny the allegations in Paragraph 165.

166.    Defendants deny the allegations in Paragraph 166.

167.    Defendants deny the allegations in Paragraph 167.

168.    Defendants deny the allegations in Paragraph 168.

169.    Defendants deny the allegations in Paragraph 169.

170.    Defendants deny the allegations in Paragraph 170.

171.    Defendants deny the allegations in Paragraph 171.

172.    Defendants deny the allegations in Paragraph 172.

173.    Defendants deny the allegations in Paragraph 173.

174.    Defendants deny the allegations in Paragraph 174.

175.    Defendants deny the allegations in Paragraph 175.

176.    Defendants deny the allegations in Paragraph 176.

177.    Defendants deny the allegations in Paragraph 177.

178.    Defendants deny the allegations in Paragraph 178.

179.    Defendants deny the allegations in Paragraph 179.

180.    Defendants deny the allegations in Paragraph 180.

181.    Defendants deny the allegations in Paragraph 181.

182.    Defendants deny the allegations in Paragraph 182.

183.    Defendants deny the allegations in Paragraph 183.

184.    Defendants deny the allegations in Paragraph 184.

185.    Defendants deny the allegations in Paragraph 185.

186.    Defendants deny the allegations in Paragraph 186.

187.    Defendants deny the allegations in Paragraph 187.

188.    Defendants deny the allegations in Paragraph 188.

*"Aceituno" group: Juan Aceituno, Brenda Aceituno, AJ Cleaning Services, LLC*

189.    Defendants deny the allegations in Paragraph 189.

190.    Defendants deny the allegations in Paragraph 190.

191.    Defendants admit that NMC did not provide an interpreter at its initial meeting with Juan Aceituno and Brand Aceituno. Defendants deny that they had any obligation to provide an interpreter at the initial meeting.

192.    Defendants deny the allegations in Paragraph 192.

193.    Defendants deny the allegations in Paragraph 193.

194.    Defendants deny the allegations in Paragraph 194.

195.    Defendants deny the allegations in Paragraph 195.

196.    Defendants deny the allegations in Paragraph 196.

197.    Defendants deny the allegations in Paragraph 197.

198.    Defendants deny the allegations in Paragraph 198.

199.    Defendants deny the allegations in Paragraph 199.

200.    Defendants admit that Aceituno signed a Franchise Agreement, on behalf of AJ Cleaning Services, LLC, with NMC. Defendants deny the remaining allegations in Paragraph 200.

201.    Defendants deny the allegations in Paragraph 201.

202.    Defendants deny the allegations in Paragraph 202.

203.    Defendants deny the allegations in Paragraph 203.

204.    Defendants deny the allegations in Paragraph 204.

205.    Defendants deny the allegations in Paragraph 205.

206.    Defendants deny the allegations in Paragraph 206.

207.    Defendants deny the allegations in Paragraph 207.

208.    Defendants deny the allegations in Paragraph 208.

209.    Defendants deny the allegations in Paragraph 209.

210.    Defendants deny the allegations in Paragraph 210.

211.    Defendants deny the allegations in Paragraph 211.

212.    Defendants deny the allegations in Paragraph 212.

213.    Defendants affirmatively state that NMC does not track franchisee hours because each franchisee is an independent business and not NMC's employee. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 213 and therefore deny the same.

214.    Defendants deny the allegations in Paragraph 214.

215.    Defendants deny the allegations in Paragraph 215.

216.    Defendants deny the allegations in Paragraph 216.

217.    Defendants deny the allegations in Paragraph 217.

218.    Defendants deny the allegations in Paragraph 218.

219.    Defendants deny the allegations in Paragraph 219.

220.    Defendants deny the allegations in Paragraph 220.

221.    Defendants deny the allegations in Paragraph 221.

222.    Defendants deny the allegations in Paragraph 222.

223.    Defendants deny the allegations in Paragraph 223.

224.    Defendants deny the allegations in Paragraph 224.

225.    Defendants deny the allegations in Paragraph 225.

226.    Defendants deny the allegations in Paragraph 226.

227.    Defendants deny the allegations in Paragraph 227.

228.    Defendants deny the allegations in Paragraph 228.

229.    Defendants deny the allegations in Paragraph 229.

***"Martinez" group: Efrain Martinez, Cecilia Gutierrez, Alpha Janitorial Services, LLC***

230.    Defendants deny the allegations in Paragraph 230.

231.    Defendants admit that NMC provided a Franchise Disclosure Document to Martinez at least two weeks before she signed her Franchise Agreement. Defendants deny the remaining allegations in Paragraph 232.

232.    Defendants deny the allegations in Paragraph 232.

233.    Defendants admit that NMC did not provide an interpreter at its initial meeting with Martinez. Defendants deny that they had any obligation to provide an interpreter at the initial meeting.

234.    Defendants deny the allegations in Paragraph 234.

235.    Defendants deny the allegations in Paragraph 235.

236.    Defendants deny the allegations in Paragraph 236.

237.    Defendants deny the allegations in Paragraph 237.

238.    Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 238 and therefore deny the same.

239.    Defendants deny the allegations in Paragraph 239

240.    Defendants deny the allegations in Paragraph 240.

241.    Defendants deny the allegations in Paragraph 241.

242.    Defendants admit that Martinez signed a Franchise Agreement, on behalf of Alpha Janitorial Services, LLC, with NMC. Defendants deny the remaining allegations in Paragraph 242.

243.    Defendants deny the allegations in Paragraph 243.

244.    Defendants deny the allegations in Paragraph 244.

245.    Defendants deny the allegations in Paragraph 245.

246.    Defendants deny the allegations in Paragraph 246.

247.    Defendants deny the allegations in Paragraph 247.

248.    Defendants deny the allegations in Paragraph 248.

249.    Defendants deny the allegations in Paragraph 249.

250.    Defendants deny the allegations in Paragraph 250.

251.    Defendants deny the allegations in Paragraph 251.

252.    Defendants deny the allegations in Paragraph 252.

253.    Defendants deny the allegations in Paragraph 253.

254.    Defendants deny the allegations in Paragraph 254.

255.    Defendants affirmatively state that NMC does not track franchisee hours because each franchisee is an independent business and not NMC's employee. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 255 and therefore deny the same.

256.    Defendants deny the allegations in Paragraph 256.

257.    Defendants deny the allegations in Paragraph 257.

258.    Defendants deny the allegations in Paragraph 258.

259.    Defendants deny the allegations in Paragraph 259.

260.    Defendants deny the allegations in Paragraph 260.

261.    Defendants deny the allegations in Paragraph 261.

262.    Defendants deny the allegations in Paragraph 262.

263.    Defendants deny the allegations in Paragraph 263.

264.    Defendants deny the allegations in Paragraph 264.

265.    Defendants deny the allegations in Paragraph 265.

266.    Defendants deny the allegations in Paragraph 266.

267.    Defendants deny the allegations in Paragraph 267.

268.    Defendants deny the allegations in Paragraph 268.

269.    Defendants deny the allegations in Paragraph 269

270.    Defendants deny the allegations in Paragraph 270.

271.    Defendants deny the allegations in Paragraph 271.

*"Umana" group: Francisco Umana, Edward Umana, FJ Cleaning Services, LLC*

272.    Defendants deny the allegations in Paragraph 272.

273.    Defendants admit that NMC provided a Franchise Disclosure Document at least two weeks before Francisco Umana signed a Franchise Agreement on behalf of FJ Cleaning Services, LLC. Defendants deny the remaining allegations in Paragraph 273.

274.    Defendants deny the allegations in Paragraph 274.

275.    Defendants deny the allegations in Paragraph 275.

276.    Defendants deny the allegations in Paragraph 276.

277.    Defendants deny the allegations in Paragraph 277.

278.    Defendants deny the allegations in Paragraph 278.

279.    Defendants deny the allegations in Paragraph 279.

280.    Defendants deny the allegations in Paragraph 280.

281.    Defendants deny the allegations in Paragraph 281.

282.    Defendants deny the allegations in Paragraph 282.

283.    Defendants deny the allegations in Paragraph 283.

284.    Defendants deny the allegations in Paragraph 284.

285.    Defendants deny the allegations in Paragraph 285.

286.    Defendants deny the allegations in Paragraph 286.

287.    Defendants deny the allegations in Paragraph 287.

288.    Defendants deny the allegations in Paragraph 288.

289.    Defendants deny the allegations in Paragraph 289.

290.    Defendants deny the allegations in Paragraph 290.

291.    Defendants deny the allegations in Paragraph 291.

292.    Defendants deny the allegations in Paragraph 292.

293.    Defendants deny the allegations in Paragraph 293.

294.    Defendants deny the allegations in Paragraph 294.

**"Alfaro" group: Rafaela Gutierrez, Luis Alfaro, Alfaro's Deep Cleaning, LLC**

295.    Defendants deny the allegations in Paragraph 295.

296.    Defendants admit that NMC did not provide an interpreter at the initial meeting with Gutierrez. Defendants deny that they had any obligation to provide an interpreter at the initial meeting.

297.    Defendants deny the allegations in Paragraph 297.

298.    Defendants deny the allegations in Paragraph 298.

299.    Defendants deny the allegations in Paragraph 299.

300.    Defendants deny the allegations in Paragraph 300.

301.    Defendants deny the allegations in Paragraph 301.

302.    Defendants deny the allegations in Paragraph 302.

303.    Defendants deny the allegations in Paragraph 303.

304.    Defendants deny the allegations in Paragraph 304.

305.    Defendants deny the allegations in Paragraph 305.

306.    Defendants deny the allegations in Paragraph 306.

307.    Defendants deny the allegations in Paragraph 307.

308.    Defendants deny the allegations in Paragraph 308.

309.    Defendants admit that since around November 2011, NMC Franchising has not and does not grant franchises to individuals or sole proprietorships, and that Franchise

Agreements entered into after November 2011 include requirements related to insurance. Defendants deny the remaining allegations in Paragraph 309.

310.    Defendants deny the allegations in Paragraph 308.

311.    Defendants admit that Alfaro's Deep Cleaning LLC entered into a Franchise Agreement on December 29, 2015, and that it was required to pay $2,500 in Initial Fees in connection with the Franchise Agreement.

312.    Defendants deny the allegations in Paragraph 312.

313.    Defendants deny the allegations in Paragraph 313.

314.    Defendants deny the allegations in Paragraph 314.

315.    Defendants deny the allegations in Paragraph 315.

316.    Defendants deny the allegations in Paragraph 316.

317.    Defendants deny the allegations in Paragraph 317.

318.    Defendants deny the allegations in Paragraph 318.

319.    Defendants deny the allegations in Paragraph 319.

320.    Defendants deny the allegations in Paragraph 320.

321.    Defendants deny the allegations in Paragraph 321.

322.    Defendants deny the allegations in Paragraph 322.

323.    Defendants deny the allegations in Paragraph 323.

324.    Defendants deny the allegations in Paragraph 324.

### Lilena Vazquez, Lilena's Cleaning Service, LLC

325.    Defendants deny the allegations in Paragraph 325.

326.    Defendants deny the allegations in Paragraph 326.

327.    Defendants admit that NMC provided a Franchise Disclosure Document to Vazquez at least fourteen days before she signed a Franchise Agreement on behalf of Lilena's

Cleaning Service, LLC.  Defendants admit that NMC did not provide an interpreter at the initial meeting with Vazquez. Defendants deny that they had any obligation to provide an interpreter at the initial meeting, and Defendants deny the remaining allegations in Paragraph 327.

328.   Defendants deny the allegations in Paragraph 328.

329.   Defendants deny the allegations in Paragraph 329.

330.   Defendants deny the allegations in Paragraph 330.

331.   Defendants deny the allegations in Paragraph 331.

332.   Defendants deny the allegations in Paragraph 332.

333.   Defendants deny the allegations in Paragraph 333.

334.   Defendants deny the allegations in Paragraph 334.

335.   Defendants deny the allegations in Paragraph 335.

336.   Defendants deny the allegations in Paragraph 336.

337.   Defendants deny the allegations in Paragraph 337.

338.   Defendants deny the allegations in Paragraph 338.

339.   Defendants deny the allegations in Paragraph 339.

340.   Defendants deny the allegations in Paragraph 340.

341.   Defendants deny the allegations in Paragraph 341.

342.   Defendants deny the allegations in Paragraph 342.

343.   Defendants deny the allegations in Paragraph 343.

344.   Defendants deny the allegations in Paragraph 344.

345.   Defendants deny the allegations in Paragraph 345.

346.   Defendants deny the allegations in Paragraph 346.

347.   Defendants deny the allegations in Paragraph 347.

348.   Defendants deny the allegations in Paragraph 348.

349.    Defendants deny the allegations in Paragraph 349.

350.    Defendants deny the allegations in Paragraph 350.

351.    Defendants deny the allegations in Paragraph 351.

352.    Defendants deny the allegations in Paragraph 352.

353.    Defendants deny the allegations in Paragraph 353.

354.    Defendants deny the allegations in Paragraph 354.

355.    Defendants deny the allegations in Paragraph 355.

***"Dominguez" group: Martha Dominguez, Marco Servin, Servin Maintenance, LLC***

356.    Defendants deny the allegations in Paragraph 356.

357.    Defendants admit that NMC provided a Franchise Disclosure Document to Dominguez at least fourteen days before Dominguez signed a Franchise Agreement on behalf of Servin Maintenance, LLC. Defendants deny the remaining allegations in Paragraph 357.

358.    Defendants deny the allegations in Paragraph 358.

359.    Defendants deny the allegations in Paragraph 359.

360.    Defendants deny the allegations in Paragraph 360.

361.    Defendants deny the allegations in Paragraph 361.

362.    Defendants deny the allegations in Paragraph 362.

363.    Defendants deny the allegations in Paragraph 363.

364.    Defendants deny the allegations in Paragraph 364.

365.    Defendants deny the allegations in Paragraph 365.

366.    Defendants deny the allegations in Paragraph 366.

367.    Defendants admit that Dominguez signed a Franchise Agreement, on behalf of Servin Maintenance, LLC, with NMC. Defendants deny the remaining allegations in Paragraph 367.

368.    Defendants deny the allegations in Paragraph 368.

369.    Defendants deny the allegations in Paragraph 369.

370.    Defendants admit that Dominguez received a second Franchise Disclosure Document at least fourteen days before Dominguez signed a second Franchise Agreement on behalf of Servin Maintenance, LLC. Defendants deny the remaining allegations in Paragraph 370.

371.    Defendants deny the allegations in Paragraph 371

372.    Defendants deny the allegations in Paragraph 372.

373.    Defendants deny the allegations in Paragraph 373.

374.    Defendants deny the allegations in Paragraph 374.

375.    Defendants deny the allegations in Paragraph 375.

376.    Defendants deny the allegations in Paragraph 376.

377.    Defendants deny the allegations in Paragraph 377.

378.    Defendants deny the allegations in Paragraph 378.

379.    Defendants deny the allegations in Paragraph 379.

380.    Defendants deny the allegations in Paragraph 380.

381.    Defendants deny the allegations in Paragraph 381.

382.    Defendants deny the allegations in Paragraph 382.

383.    Defendants deny the allegations in Paragraph 383.

384.    Defendants deny the allegations in Paragraph 384.

385.    Defendants deny the allegations in Paragraph 385.

386.    Defendants deny the allegations in Paragraph 386.

387.    Defendants deny the allegations in Paragraph 387.

388.    Defendants deny the allegations in Paragraph 388.

*"Barraza" group: Victor Hugo Garcia, Silvia Barraza, Hugo's M&C Cleaning Services, LLC*

389.    Defendants deny the allegations in Paragraph 389.

390.    Defendants admit that NMC provided a Franchise Disclosure Document to Garcia at least fourteen days before Garcia signed a Franchise Agreement on behalf of Hugo's M&C Cleaning Services, LLC. Defendants deny the remaining allegations in Paragraph 390.

391.    Defendants deny the allegations in Paragraph 391.

392.    Defendants deny the allegations in Paragraph 392.

393.    Defendants deny the allegations in Paragraph 393.

394.    Defendants deny the allegations in Paragraph 394.

395.    Defendants deny the allegations in Paragraph 395.

396.    Defendants deny the allegations in Paragraph 396.

397.    Defendants admit that Garcia signed a Franchise Agreement, on behalf of Hugo's M&C Cleaning Services, LLC, with NMC. Defendants deny the remaining allegations in Paragraph 397.

398.    Defendants deny the allegations in Paragraph 398.

399.    Defendants deny the allegations in Paragraph 399.

400.    Defendants deny the allegations in Paragraph 400.

401.    Defendants deny the allegations in Paragraph 401.

402.    Defendants deny the allegations in Paragraph 402.

403.    Defendants deny the allegations in Paragraph 403.

404.    Defendants deny the allegations in Paragraph 404.

405.    Defendants deny the allegations in Paragraph 405.

406.    Defendants deny the allegations in Paragraph 406.

407.    Defendants deny the allegations in Paragraph 407.

408.    Defendants deny the allegations in Paragraph 408.

409.    Defendants deny the allegations in Paragraph 409.

410.    Defendants deny the allegations in Paragraph 410.

411.    Defendants deny the allegations in Paragraph 411.

412.    Defendants deny the allegations in Paragraph 412.

413.    Defendants deny the allegations in Paragraph 413.

414.    Defendants deny the allegations in Paragraph 414.

415.    Defendants deny the allegations in Paragraph 415.

*"Garcia" group: Jorge Garcia, Ulisar Morales, Urban Cleaning Services PDX, LLC*

416.    Defendants deny the allegations in Paragraph 416.

417.    Defendants deny the allegations in Paragraph 417.

418.    Defendants deny the allegations in Paragraph 418.

419.    Defendants deny the allegations in Paragraph 419.

420.    Defendants admit that Urban Cleaning Services PDX LLC entered into a

Franchise Agreement with NMC. Defendants deny the remaining allegations in Paragraph 420.

421.    Defendants deny the allegations in Paragraph 421.

422.    Defendants deny the allegations in Paragraph 422.

423.    Defendants deny the allegations in Paragraph 423.

424.    Defendants deny the allegations in Paragraph 424.

425.    Defendants deny the allegations in Paragraph 425.

426.    Defendants deny the allegations in Paragraph 426.

427.    Defendants deny the allegations in Paragraph 427.

428.    Defendants deny the allegations in Paragraph 428.

429.    Defendants deny the allegations in Paragraph 429.

430.     Defendants deny the allegations in Paragraph 430.

431.     Defendants deny the allegations in Paragraph 431.

432.     Defendants deny the allegations in Paragraph 432.

433.     Defendants deny the allegations in Paragraph 433.

434.     Defendants deny the allegations in Paragraph 434.

435.     Defendants deny the allegations in Paragraph 435.

436.     Defendants deny the allegations in Paragraph 436.

437.     Defendants deny the allegations in Paragraph 437.

### *"Sanchez" group: Alejandro Sanchez, Hilda Arvizu, Sister's Janitorial LLC*

438.     Defendants deny the allegations in Paragraph 438.

439.     Defendants deny the allegations in Paragraph 439.

440.     Defendants deny the allegations in Paragraph 440.

441.     Defendants deny the allegations in Paragraph 441.

442.     Defendants deny the allegations in Paragraph 442.

443.     Defendants deny the allegations in Paragraph 443.

444.     Defendants deny the allegations in Paragraph 444.

445.     Defendants deny the allegations in Paragraph 445.

446.     Defendants deny the allegations in Paragraph 446

447.     Defendants deny the allegations in Paragraph 447.

448.     Defendants admit that Sisters Janitorial LLC entered into a Franchise Agreement with NMC. Defendants deny the remaining allegations in Paragraph 448.

449.     Defendants deny the allegations in Paragraph 449.

450.     Defendants deny the allegations in Paragraph 450.

451.     Defendants deny the allegations in Paragraph 451.

452.    Defendants deny the allegations in Paragraph 452.

453.    Defendants deny the allegations in Paragraph 453.

454.    Defendants deny the allegations in Paragraph 454.

455.    Defendants deny the allegations in Paragraph 455.

456.    Defendants deny the allegations in Paragraph 456.

457.    Defendants deny the allegations in Paragraph 457.

458.    Defendants deny the allegations in Paragraph 458.

459.    Defendants deny the allegations in Paragraph 459.

460.    Defendants deny the allegations in Paragraph 460.

461.    Defendants deny the allegations in Paragraph 461.

462.    Defendants deny the allegations in Paragraph 462.

463.    Defendants deny the allegations in Paragraph 463.

464.    Defendants deny the allegations in Paragraph 464.

465.    Defendants deny the allegations in Paragraph 465.

466.    Defendants deny the allegations in Paragraph 466.

467.    Defendants deny the allegations in Paragraph 467.

468.    Defendants deny the allegations in Paragraph 468.

469.    Defendants deny the allegations in Paragraph 469.

470.    Defendants deny the allegations in Paragraph 470.

471.    Defendants deny the allegations in Paragraph 471.

472.    Defendants deny the allegations in Paragraph 472.

*Solomon Denbel, Solomon Office Building Maintenance Service, LLC*

473.    Defendants admit that NMC provided a Franchise Disclosure Document to Denbel at least fourteen days before he signed a Franchise Agreement on behalf of Solomon Office Building Maintenance Service, LLC. Defendants deny the allegations in Paragraph 473.

474.    Defendants deny the allegations in Paragraph 474.

475.    Defendants deny the allegations in Paragraph 475.

476.    Defendants deny the allegations in Paragraph 476.

477.    Defendants deny the allegations in Paragraph 477.

478.    Defendants deny the allegations in Paragraph 478.

479.    Defendants deny the allegations in Paragraph 479.

480.    Defendants deny the allegations in Paragraph 480.

481.    Defendants deny the allegations in Paragraph 481.

482.    Defendants deny the allegations in Paragraph 482.

483.    Defendants deny the allegations in Paragraph 483.

484.    Defendants deny the allegations in Paragraph 484.

485.    Defendants deny the allegations in Paragraph 485.

486.    Defendants deny the allegations in Paragraph 486.

487.    Defendants deny the allegations in Paragraph 487.

488.    Defendants deny the allegations in Paragraph 488.

489.    Defendants deny the allegations in Paragraph 489.

490.    Defendants deny the allegations in Paragraph 490.

491.    Defendants deny the allegations in Paragraph 491.

492.    Defendants deny the allegations in Paragraph 492.

493.    Defendants deny the allegations in Paragraph 493.

494.    Defendants deny the allegations in Paragraph 494.

495.    Defendants deny the allegations in Paragraph 495.

496.    Defendants deny the allegations in Paragraph 496.

497.    Defendants deny the allegations in Paragraph 497.

498.    Defendants deny the allegations in Paragraph 498.

499.    Defendants deny the allegations in Paragraph 499.

500.    Defendants deny the allegations in Paragraph 500.

501.    Defendants deny the allegations in Paragraph 501.

502.    Defendants deny the allegations in Paragraph 502.

503.    Defendants deny the allegations in Paragraph 503.

***"Madrigal" group: Zetzael Madrigal, Maria Madrigal, D&Z Maintenance Company, LLC***

504.    Defendants deny the allegations in Paragraph 504.

505.    Defendants admit that NMC provided a Franchise Disclosure Document to Madrigal at least fourteen days before Madrigal signed a Franchise Agreement on behalf of D&Z Maintenance Company, LLC. Defendants deny the allegations in Paragraph 505.

506.    Defendants deny the allegations in Paragraph 506.

507.    Defendants deny the allegations in Paragraph 507.

508.    Defendants admit that Lee discussed helping Madrigal grow this business. Defendants deny the remaining allegations in Paragraph 508.

509.    Defendants deny the allegations in Paragraph 509.

510.    Defendants deny the allegations in Paragraph 510.

511.    Defendants deny the allegations in Paragraph 511.

512.    Defendants deny the allegations in Paragraph 512.

513.    Defendants deny the allegations in Paragraph 513.

514.    Defendants deny the allegations in Paragraph 514.

515.    Defendants deny the allegations in Paragraph 515.

516.    Defendants deny the allegations in Paragraph 516.

517.    Defendants deny the allegations in Paragraph 517.

518.    Defendants deny the allegations in Paragraph 518.

519.    Defendants deny the allegations in Paragraph 519.

520.    Defendants deny the allegations in Paragraph 520.

521.    Defendants deny the allegations in Paragraph 521.

522.    Defendants deny the allegations in Paragraph 522.

523.    Defendants deny the allegations in Paragraph 523.

524.    Defendants deny the allegations in Paragraph 524.

525.    Defendants deny the allegations in Paragraph 525.

526.    Defendants deny the allegations in Paragraph 526.

527.    Defendants deny the allegations in Paragraph 527.

528.    Defendants deny the allegations in Paragraph 528.

529.    Defendants deny the allegations in Paragraph 529.

530.    Defendants deny the allegations in Paragraph 530.

531.    Defendants deny the allegations in Paragraph 531.

532.    Defendants deny the allegations in Paragraph 532.

533.    Defendants deny the allegations in Paragraph 533.

534.    Defendants deny the allegations in Paragraph 534.

535.    Defendants deny the allegations in Paragraph 535.

536.    Defendants deny the allegations in Paragraph 536.

537.    Defendants deny the allegations in Paragraph 537.

538.     Defendants deny the allegations in Paragraph 538.

539.     Defendants deny the allegations in Paragraph 539.

540.     Defendants deny the allegations in Paragraph 540.

541.     Defendants deny the allegations in Paragraph 541.

542.     Defendants deny the allegations in Paragraph 542.

543.     Defendants deny the allegations in Paragraph 543.

544.     Defendants deny the allegations in Paragraph 544.

545.     Defendants deny the allegations in Paragraph 545.

*"Ramirez" group: Gerardo Ramirez-Cruz, Concepcion Solis, Gerardo Ramirez-Solis, and Jessica Solis Brooms and Mops, LLC*

546.     Defendants deny the allegations in Paragraph 546.

547.     Defendants admit that NMC provided a Franchise Disclosure Document to Solis and Ramirez-Cruz at least fourteen days before they signed a Franchise Agreement on behalf of Brooms and Mops, LLC. Defendants deny the allegations in Paragraph 547.

548.     Defendants deny the allegations in Paragraph 548.

549.     Defendants deny the allegations in Paragraph 549.

550.     Defendants deny the allegations in Paragraph 550.

551.     Defendants deny the allegations in Paragraph 551.

552.     Defendants deny the allegations in Paragraph 552.

553.     Defendants deny the allegations in Paragraph 553.

554.     Defendants deny the allegations in Paragraph 554.

555.     Defendants deny the allegations in Paragraph 555.

556.     Defendants deny the allegations in Paragraph 556.

557.    Defendants admit that Solis signed a Franchise Agreement, on behalf of Brooms and Mops, LLC, with NMC. Defendants deny the remaining allegations in Paragraph 557.

558.    Defendants deny the allegations in Paragraph 558.

559.    Defendants deny the allegations in Paragraph 559.

560.    Defendants deny the allegations in Paragraph 560.

561.    Defendants deny the allegations in Paragraph 561.

562.    Defendants deny the allegations in Paragraph 562.

563.    Defendants deny the allegations in Paragraph 563.

564.    Defendants deny the allegations in Paragraph 564.

565.    Defendants deny the allegations in Paragraph 565.

566.    Defendants deny the allegations in Paragraph 566.

567.    Defendants deny the allegations in Paragraph 567.

568.    Defendants deny the allegations in Paragraph 568.

569.    Defendants deny the allegations in Paragraph 569.

570.    Defendants deny the allegations in Paragraph 570.

571.    Defendants deny the allegations in Paragraph 571.

572.    Defendants deny the allegations in Paragraph 572.

573.    Defendants deny the allegations in Paragraph 573.

574.    Defendants deny the allegations in Paragraph 574.

575.    Defendants deny the allegations in Paragraph 575.

576.    Defendants deny the allegations in Paragraph 576.

577.    Defendants deny the allegations in Paragraph 577.

578.    Defendants deny the allegations in Paragraph 578.

579.    Defendants deny the allegations in Paragraph 579.

580.    Defendants deny the allegations in Paragraph 580.

581.    Defendants deny the allegations in Paragraph 581.

***"Solis" group: Luis Solis, Karen Martinez, Seattles Best Cleaning Services, LLC***

582.    Defendants deny the allegations in Paragraph 582.

583.    Defendants deny the allegations in Paragraph 583.

584.    Defendants deny the allegations in Paragraph 584.

585.    Defendants deny the allegations in Paragraph 585.

586.    Defendants deny the allegations in Paragraph 586.

587.    Defendants deny the allegations in Paragraph 587.

588.    Defendants deny the allegations in Paragraph 588.

589.    Defendants deny the allegations in Paragraph 589.

590.    Defendants deny the allegations in Paragraph 590.

591.    Defendants deny the allegations in Paragraph 591.

592.    Defendants deny the allegations in Paragraph 592.

593.    Defendants deny the allegations in Paragraph 593.

594.    Defendants deny the allegations in Paragraph 594.

595.    Defendants deny the allegations in Paragraph 595.

596.    Defendants deny the allegations in Paragraph 596.

597.    Defendants deny the allegations in Paragraph 597.

598.    Defendants deny the allegations in Paragraph 598.

599.    Defendants deny the allegations in Paragraph 599.

600.    Defendants deny the allegations in Paragraph 600.

601.    Defendants deny the allegations in Paragraph 601.

602.    Defendants deny the allegations in Paragraph 602.

603.    Defendants deny the allegations in Paragraph 603.

604.    Defendants deny the allegations in Paragraph 604.

605.    Defendants deny the allegations in Paragraph 605.

606.    Defendants deny the allegations in Paragraph 606.

607.    Defendants deny the allegations in Paragraph 607.

608.    Defendants deny the allegations in Paragraph 608.

609.    Defendants deny the allegations in Paragraph 609.

***"Lopez" group: Ignacio Lopez and Concepcion Cruz, Jireh Contractor Maintenance, LLC***

610.    Defendants deny the allegations in Paragraph 610.

611.    Defendants admit that they provided a Franchise Disclosure Document to Lopez at least two weeks before he executed a Franchise Agreement on behalf of Jireh Contractor Maintenance, LLC. Defendants deny the remaining allegations in Paragraph 611.

612.    Defendants deny the allegations in Paragraph 612.

613.    Defendants deny the allegations in Paragraph 613.

614.    Defendants deny the allegations in Paragraph 614.

615.    Defendants deny the allegations in Paragraph 615.

616.    Defendants admit that Lopez signed a Franchise Agreement on behalf of Jireh Contractor Maintenance, LLC. Defendants deny remaining the allegations in Paragraph 616.

617.    Defendants deny the allegations in Paragraph 617.

618.    Defendants deny the allegations in Paragraph 618.

619.    Defendants deny the allegations in Paragraph 619.

620.    Defendants deny the allegations in Paragraph 620.

621.    Defendants deny the allegations in Paragraph 621.

622.    Defendants deny the allegations in Paragraph 622.

623.    Defendants deny the allegations in Paragraph 623.

624.    Defendants deny the allegations in Paragraph 624.

***"Dikhamindzhiya" group: Tatiana Dikhamindzhiya, Georgy Dikhamindzhiya, Prof Cleaning, LLC***

625.    Defendants admit that in December 2013, Dikhamindzhiya signed a Franchise Agreement on behalf of Prof Cleaning, LLC. Defendants deny the remaining allegations in Paragraph 625.

626.    Defendants deny the allegations in Paragraph 626.

627.    Defendants deny the allegations in Paragraph 627.

628.    Defendants deny the allegations in Paragraph 628.

629.    Defendants deny the allegations in Paragraph 629.

630.    Defendants deny the allegations in Paragraph 630.

631.    Defendants deny the allegations in Paragraph 631.

632.    Defendants deny the allegations in Paragraph 632.

633.    Defendants deny the allegations in Paragraph 633.

634.    Defendants deny the allegations in Paragraph 634.

635.    Defendants deny the allegations in Paragraph 635.

***Plaintiff-buyers and Plaintiff-families Demands to NMC***

636.    Defendants deny the allegations in Paragraph 636.

637.    Defendants deny the allegations in Paragraph 637.

638.    Defendants deny the allegations in Paragraph 638.

639.    Defendants admit that on June 11, 2018, Plaintiff Maura Escobar sent Defendant National Maintenance Contractors, LLC a written demand for payment. The demand speaks for itself.

640.    Defendants admit that on June 17, 2019, the Escobar, Aceituno, Umana, Alfaro, Vazquez, Dominguez, Garcia, Sanchez, Denbel, Madrigal, and Lopez Plaintiff groups sent Defendants National Maintenance Contractors, LLC, and Marsden Holding, LLC, a written demand for payment.  The demand speaks for itself.

641.    Defendants admit that on June 17, 2019, the Martinez, Garcia, Lopez, Cruz, and Solis Plaintiff groups sent Defendants National Maintenance Contractors, LLC, and Marsden Holding, LLC, a written demand for payment.  The demand speaks for itself.

642.    Defendants deny the allegations in Paragraph 642.

## VI.    CLAIMS FOR RELIEF

**First Claim – Violation of the Federal Racketeer Influenced and Corrupt Organization Act**

643.    Paragraph 643 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 643.

644.    Paragraph 644 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 644.

645.    Defendants admit that each Defendant is a "person" under 18 U.S.C. § 1961(3).

646.    Defendants deny the allegations in Paragraph 646.

647.    Defendants deny the allegations in Paragraph 647.

648.    Defendants deny the allegations in Paragraph 648.

649.    Defendants deny the allegations in Paragraph 649.

650.    Defendants deny the allegations in Paragraph 650.

651.    Defendants deny the allegations in Paragraph 651.

652.    Defendants deny the allegations in Paragraph 652.

653.    Defendants deny the allegations in Paragraph 653.

654.    Defendants deny the allegations in Paragraph 654.

655.    Defendants deny the allegations in Paragraph 655.

656.    Defendants deny the allegations in Paragraph 656 and its subparts (a) and (b).

**Predicate Acts**

**Mail and Wire Fraud: 18 U.S.C. §§ 1341 and 1343**

657.    Defendants deny the allegations in Paragraph 657.

658.    Defendants deny the allegations in Paragraph 658.

659.    Paragraph 659 states a legal conclusion to which no responsive pleading is required.

To the extent a response is required, Defendants deny the allegations in Paragraph 659.

660.    Defendants deny the allegations in Paragraph 660.

661.    Defendants deny the allegations in Paragraph 661.

662.    Defendants deny the allegations in Paragraph 662.

663.    Defendants deny the allegations in Paragraph 663.

664.    Defendants deny the allegations in Paragraph 664.

665.    Defendants deny the allegations in Paragraph 665.

666.    Defendants deny the allegations in Paragraph 666.

667.    Defendants deny the allegations in Paragraph 667.

**RICO Conspiracy**

668.    Defendants deny the allegations in Paragraph 668.

669.    Defendants deny the allegations in Paragraph 669.

670.    Paragraph 670 states a legal conclusion to which no responsive pleading is required.

To the extent a response is required, Defendants deny the allegations in Paragraph 670.

671.    Defendants deny that Plaintiffs are entitled to any relief sought in Paragraph 671

and its subparts (a)-(c) or anywhere else in the Complaint.

### Second Claim - Violation of the Oregon Racketeer Influenced and Corrupt Organizations Act

672.     Paragraph 672 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 672.

673.     Paragraph 673 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 673.

674.     Paragraph 674 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 674.

675.     Defendants admit that each Defendant is a "person" within the O.R.S. § 166.715(5).

676.     Defendants deny the allegations in Paragraph 676.

677.     Defendants deny the allegations in Paragraph 677.

678.     Defendants deny the allegations in Paragraph 678.

679.     Defendants deny the allegations in Paragraph 679.

680.     Defendants deny the allegations in Paragraph 680.

681.     Defendants deny the allegations in Paragraph 681.

682.     Defendants deny the allegations in Paragraph 682.

683.     Defendants deny the allegations in Paragraph 683.

684.     Defendants deny the allegations in Paragraph 684.

685.     Defendants deny the allegations in Paragraph 685.

### Predicate Acts: Mail and Wire Fraud: 18 U.S.C. §§ 1341 and 1343

686.     Defendants deny the allegations in Paragraph 686.

687.     Defendants deny the allegations in Paragraph 687.

### Pattern of Related Racketeering Acts

688.     Defendants deny the allegations in Paragraph 688.

689.    Defendants deny the allegations in Paragraph 689.

690.    Defendants deny the allegations in Paragraph 690.

691.    Defendants deny the allegations in Paragraph 691.

692.    Defendants deny the allegations in Paragraph 692.

693.    Defendants deny the allegations in Paragraph 693.

694.    Defendants deny the allegations in Paragraph 694.

695.    Defendants deny the allegations in Paragraph 695.

696.    Defendants deny the allegations in Paragraph 696.

697.    Defendants deny the allegations in Paragraph 697.

## Or. RICO Conspiracy

698.    Defendants deny the allegations in Paragraph 698.

699.    Defendants deny the allegations in Paragraph 699.

## Injury and Remedies

700.    Defendants deny the allegations in Paragraph 700.

701.    Defendants deny that Plaintiffs are entitled to any relief sought in Paragraph 701 and its subparts or anywhere else in the Complaint.

## Third Claim – Violation of the Washington Criminal Profiteering Act

702.    Paragraph 702 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 702.

703.    Paragraph 703 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 703.

704.    Paragraph 704 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 704.

705.    Paragraph 705 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 705.

706.    Defendants deny the allegations in Paragraph 706.

707.    Defendants deny the allegations in Paragraph 707.

708.    Defendants admit that NMC managed Jim Wade, Ryan Lee, Jesse Wilmore, Steve Watkins, and Lise Watkins. Defendants deny the remaining allegations in Paragraph 708.

709.    Defendants deny the allegations in Paragraph 709.

710.    Defendants deny the allegations in Paragraph 710.

## Predicate Acts

## Theft: R.C.W. § 9A.56.30

711.    Defendants deny the allegations in Paragraph 711.

712.    Defendants deny the allegations in Paragraph 712.

713.    Defendants deny the allegations in Paragraph 713.

714.    Defendants deny the allegations in Paragraph 714.

Forgery as defined R.C.W. § 9A.60.30 (Obtaining signature by deception or duress)

715.    Defendants deny the allegations in Paragraph 715.

716.    Paragraph 716 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 716.

## Patterns of Related Profiteering Acts

717.    Defendants deny the allegations in Paragraph 717.

718.    Defendants deny the allegations in Paragraph 718.

719.    Defendants deny the allegations in Paragraph 719.

720.    Defendants deny the allegations in Paragraph 720.

721.    Defendants deny the allegations in Paragraph 721.

722.    Defendants deny the allegations in Paragraph 722.

723.    Defendants deny the allegations in Paragraph 723.

724.    Defendants deny the allegations in Paragraph 724.

### **Injury and Remedies**

725.    Defendants deny the allegations in Paragraph 725.

726.    Defendants deny that Plaintiffs are entitled to any relief sought in Paragraph 726 and its subparts or anywhere else in the Complaint.

**Fourth Claim - Violation of the Fair Labor Standards Act –** *Failure to Pay Minimum Wage or Overtime*

727.    Defendants deny the allegations in Paragraph 727.

728.    Defendants deny the allegations in Paragraph 728.

729.    Paragraph 729 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 729 and deny that Plaintiffs are entitled to the relief requested in Paragraph 729.

**Fifth Claim - Violation of Oregon Wage and Hour Laws –** *Failure to Pay Minimum Wage*

730.    Defendants deny the allegations in Paragraph 730.

731.    Defendants deny the allegations in Paragraph 731.

732.    Paragraph 732 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 732 and deny that Plaintiffs are entitled to the relief requested in Paragraph 732.

**Sixth Claim - Violation of Oregon Wage and Hour Laws –** *Failure to Pay Overtime*

733.    Defendants deny the allegations in Paragraph 733.

734.    Defendants deny the allegations in Paragraph 734.

735.    Paragraph 735 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 735 and deny that Plaintiffs are entitled to the relief requested in Paragraph 735.

**Seventh Claim - Violation of Oregon Wage and Hour Laws –** *Failure to Pay Wages When Due Upon Termination*

736.    Defendants deny the allegations in Paragraph 736.

737.    Paragraph 736 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 737.

738.    Paragraph 738 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 738 and deny that Plaintiffs are entitled to the relief requested in Paragraph 738.

**Eighth Claim - Oregon Contractor Registration Act –** *Janitorial Labor Contractor Violations of 658.440*

739.    Defendants deny the allegations in Paragraph 739.

740.    Defendants deny the allegations in Paragraph 740.

741.    Defendants deny the allegations in Paragraph 741.

742.    Paragraph 742 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 742 and deny that Plaintiffs are entitled to the damages requested in Paragraph 742.

**Ninth Claim - Washington State Minimum Wage Act –** *Violation of RCW 49.46 - Failure to Pay Minimum Wage*

743.    Defendants deny the allegations in Paragraph 743.

744.    Defendants deny the allegations in Paragraph 744.

745.    Paragraph 745 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 745.

746.    Paragraph 746 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 746 and deny that Plaintiffs are entitled to the damages requested in Paragraph 746.

**Tenth Claim - Washington State Overtime Wage Act** – *Violation of RCW 49.46.130*

747.    Paragraph 747 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 747.

748.    Defendants deny the allegations in Paragraph 748.

749.    Defendants deny the allegations in Paragraph 749.

750.    Defendants deny the allegations in Paragraph 750.

751.    Paragraph 751 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 751 and deny that Plaintiffs are entitled to the relief requested in Paragraph 751.

**Eleventh Claim - Washington State Payment Act** – *Violation of RCW 49.48- Failure to timely pay wages*

752.    Defendants deny the allegations in Paragraph 752.

753.    Defendants deny the allegations in Paragraph 753.

754.    Paragraph 754 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 754 and deny that Plaintiffs are entitled to the relief requested in Paragraph 754.

**Twelfth Claim - Violation of Washington Wage and Hour Laws** – *Violation of RCW 39.12 - Failure to pay Prevailing Wage*

755.    Defendants deny the allegations in Paragraph 755.

756.    Defendants deny the allegations in Paragraph 756.

757.    Paragraph 757 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 757.

758.    Paragraph 758 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 758 and deny that Plaintiffs are entitled to the damages requested in Paragraph 758.

### Thirteenth Claim - Oregon and Washington Tort Law Claim – *Fraudulent Misrepresentation*

759.    Defendants admit that the Plaintiff-Buyers entered into Franchise Agreements, through corporate entities, with NMC. Defendants deny the remaining allegations in Paragraph 759.

760.    Defendants deny the allegations in Paragraph 760.

761.    Defendants deny the allegations in Paragraph 761.

762.    Defendants deny the allegations in Paragraph 762.

763.    Defendants deny the allegations in Paragraph 763.

764.    Defendants deny the allegations in Paragraph 764.

765.    Defendants deny the allegations in Paragraph 765.

766.    Defendants deny the allegations in Paragraph 766.

767.    Defendants deny the allegations in Paragraph 767.

768.    Defendants deny the allegations in Paragraph 768.

769.    Defendants deny the allegations in Paragraph 769.

770.    Defendants deny the allegations in Paragraph 770.

771.    Defendants deny the allegations in Paragraph 771.

772.    Defendants deny the allegations in Paragraph 772.

773.    Paragraph 773 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 773 and deny that Plaintiffs are entitled to the relief requested in Paragraph 773.

**Fourteenth Claim - Oregon and Washington Contract Law Claim –** *Breach of Contract*

774.    Defendants admit that the Plaintiff-Buyers entered into Franchise Agreements, through corporate entities, with NMC. Defendants deny the remaining allegations in Paragraph 774.

775.    Defendants deny the allegations in Paragraph 775.

776.    Paragraph 776 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 776.

**Fifteenth Claim - Oregon and Washington Contract Law Claim –** *Economic Duress*

777.    Defendants deny the allegations in Paragraph 777.

778.    Defendants deny the allegations in Paragraph 778.

779.    Paragraph 779 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 779.

**Sixteenth Claim – Violation of TVPA –** *Forced Labor*

780.    Defendants deny the allegations in Paragraph 780.

781.    Defendants deny the allegations in Paragraph 781.

782.    Defendants deny the allegations in Paragraph 782.

783.    Defendants deny the allegations in Paragraph 783.

784.    Defendants deny the allegations in Paragraph 784.

785.    Defendants deny the allegations in Paragraph 785.

786.    Paragraph 786 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 786 and deny that Plaintiffs are entitled to the relief requested in Paragraph 786.

**Seventeenth Claim - Violation of the Internal Revenue Code –** *Fraudulent Filing of Information Returns*

787.    Defendants deny the allegations in Paragraph 787.

788.    Defendants deny the allegations in Paragraph 788.

789.    Paragraph 789 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 789. and deny that Plaintiffs are entitled to the relief requested in Paragraph 789.

## <u>AFFIRMATIVE DEFENSES</u>

1.    Plaintiffs' claims fail, in whole or in part, to state a claim upon which relief can be granted.

2.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

3.    Plaintiffs' claims are barred, in whole or in part, by releases of claims.

4.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

5.    Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, equitable estoppel, and/or promissory estoppel.

6.    Plaintiffs' claims are barred, in whole or in part, by the terms of their respective franchise agreements, each of which is fully integrated.

7.    Plaintiffs' claims are barred, in whole or in part, by the fact that they are independent contractors and did not have an employment relationship with any Defendants.

8.    Plaintiffs' claims are barred, in whole or in part, by their inadequate performance.

9.    Plaintiffs' claims are barred, in whole or in part, by unclean hands.

10.    Plaintiffs' claims are barred, in whole or in part, by the availability of an adequate remedy at law.

11.    Plaintiffs' claims are barred, in whole or in part, by ratification.

12.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to sue.

13.    Plaintiffs' claims are barred, in whole or in part, because Defendants did not willfully or intentionally violate any statute.

14.    If Plaintiffs have suffered any damages, which Defendants deny, Plaintiffs' claims are barred, in whole or in part, from any recovery due to their failure to mitigate damages.

15.    Plaintiffs' claims are barred, in whole or in part, because each Plaintiff's facts and circumstances are highly individualized and are not susceptible to collective resolution at a single trial; trials, if any, must be bifurcated by individual Plaintiff or by groups of Plaintiffs whose claims and allegations share a common nucleus of facts.

16.    Plaintiffs' claims for damages are barred, in whole or in part, because they were caused by each Plaintiff's own conduct or by the conduct off other third parties that Defendants do not control.  Plaintiffs' claims are barred, in whole or in part, for any alleged injuries based on the Franchise Agreements that took place after they expired.

17.    Plaintiff's claims fail for failure to add indispensable parties, including the franchise entities owned and operated by Plaintiffs.

18.    Defendants reserve the right to amend this Answer to add additional affirmative defenses as investigation and discovery continue.

**WHEREFORE**, Defendants respectfully request that the Court enter judgment in Defendants' favor as follows:

A.      Enter judgment in Defendants' favor on all of the claims in Plaintiffs' Complaint and dismiss Plaintiffs' Complaint with prejudice;

B.      Award Defendants attorneys' fees and costs of litigation; and

C.      Award Defendants such other and further relief as the Court deems just and proper.

## DEFENDANTS AND COUNTERCLAIM PLAINTIFFS' COUNTERCLAIMS

Defendants / Counterclaim Plaintiffs National Maintenance Contractors, LLC and NMC Franchising, LLC ("Counterclaim Plaintiffs"), as and for their Counterclaims against Plaintiffs-Buyers / Counterclaim Defendants Maura Escobar, Brenda Aceituno, Efrain Martinez, Francisco Umana, Rafaela Gutierrez, Lilena Vázquez, Martha Dominguez, Victor Hugo Garcia, Jorge Garcia, Alejandro Sanchez, Hilda Arvizu, Solomon Denbal, Zetzael Madrigal, Ignacio Lopez, Gerardo Ramirez Solis, Luis Solis, and Tatiana Dikhamindzhiya (collectively, "Counterclaim Defendants"), state and allege as follows:

### I.    PRELIMINARY STATEMENT

1.    This is a straightforward franchise dispute. Counterclaim Plaintiffs are the current and predecessor franchisors of the National Maintenance Contractors[SM] franchise system. They are engaged in the business of franchising independent businesses to operate National Maintenance Contractors franchises throughout Washington and Oregon.  National Maintenance Contractors franchisees are licensed to use the National Maintenance Contractors system, which involves the solicitation and provision of janitorial, custodial, and building maintenance services using National Maintenance Contractor's service marks, products, equipment, supplies, confidential information, business techniques, methods and procedures, and sales promotion programs.

2.    Counterclaim Defendants are current and former National Maintenance Contractors franchisees who operate and/or operated their franchised businesses in Washington and Oregon. Many of the Counterclaim Defendants have operated for decades. They provide janitorial, custodial and other building maintenance services to their customers through Franchise Agreements they entered into with Counterclaim Plaintiffs. After many years of operation as independent franchisees, they now wrongfully claim that they have been "misclassified" as

franchisees and are actually employees of the franchisor, NMC Franchising, LLC and its predecessor and an affiliated company. Counterclaim Defendants assert seventeen claims based on this legal fiction. As part of their claims, Counterclaim Defendants allege that they were defrauded by Defendants into believing that they would earn more revenue and profits from their franchised businesses than they actually did. Not only do Counterclaim Plaintiffs vehemently dispute these allegations, but they are belied by the facts.

3.      First, many of the Counterclaim Defendants actually approached and solicited Counterclaim Plaintiffs to purchase their franchises after learning about the business opportunity from other National Maintenance Contractors franchisees. Additionally, in conjunction with signing their Franchise Agreements, Counterclaim Defendants specifically disclaimed receipt or reliance on the type of alleged extra- contractual representations that they now claim they relied upon to their detriment. Further, collectively Counterclaim Defendants have been National Maintenance Contractors franchisees for more than 140 years. Most of them have entered into multiple National Maintenance Contractors Franchise Agreements and have renewed those contracts multiple times. The 16 franchisee "Plaintiff groups" constitute only a handful of the over 150 National Maintenance Contractors franchisees in Washington and Oregon.

4.      Each Franchise Agreement *also* provides the basis for affirmative claims that Counterclaim Plaintiffs raise by these Counterclaims in response to the underlying action. Counterclaim Defendants are each liable for claims based on the Franchise Agreements through the Guaranties and Assumptions of Obligations that each executed, establishing that, among other things, each Counterclaim Defendant—as personal guarantor—would be personally bound by each and every condition and term contained in the Franchise Agreement. Under these two agreements, Counterclaim Plaintiffs assert four claims.

5.       First, Counterclaim Plaintiffs seek a declaration of their rights under the Franchise Agreement to conduct an audit of Counterclaim Defendants' books, accounting records, and related documents in connection with alleged losses, damages, unpaid wages, offsets, expenses incurred, and other amounts in dispute.

6.       Second, Counterclaim Plaintiffs seek a declaration that Counterclaim Defendants are the employers of the people identified as "Plaintiff-Franchisees" in the Second Amended Complaint,[1] and are thus liable for any employment law violations the "Plaintiff-Franchisees" establish.

7.       Third, Counterclaim Plaintiffs assert a claim for indemnification for liabilities, losses, or damages that stem directly from claims asserted by the "Plaintiff-Employees" based on Counterclaim Defendants' agreement to indemnify Counterclaim Plaintiffs for any losses, liabilities, and damages that arise out of or relate to their ownership or operation of their Businesses.

8.       Finally, Counterclaim Defendants assert their right to the recovery of attorneys' fees and costs if they prevail in this action, consistent with their express rights to such amounts under the Franchise Agreements.

## II.    COUNTERCLAIM PARTIES

**Counterclaim Plaintiffs**

9.       Counterclaim Plaintiff National Maintenance Contractors, LLC is a Delaware Limited Liability Company with its principal place of business in the State of Washington.

---

[1] Plaintiffs Rogelio Rodriguez, Raquel Escobar, Juan Aceituno, Cecilia Gutierrez, Ulisar Morales, Francisco Umana, Edward Umana, Victor Hugo Garcia, and Silvia Barraza, Rafaela Gutierrez, Luis Alfaro, Marco Servin, Ignacio Lopez, Concepcion Cruz, Gerardo Ramirez-Cruz, Concepcion Solis, Jessica Ramirez-Solis, Karen Martinez, and Maria Madrigal.

10.     Counterclaim Plaintiff NMC Franchising, LLC is a Delaware Limited Lability Company with its principal place of business in the State of Washington.

**Counterclaim Defendants**

11.     Counterclaim Defendant Maura Escobar is a natural person who, on information and belief, resides in Portland, Oregon.

12.     Counterclaim Defendant Brenda Aceituno is a natural person who, on information and belief, resides in Portland, Oregon.

13.     Counterclaim Defendant Efrain Martinez is a natural person who, on information and belief, resides in Oregon.

14.     Counterclaim Defendant Francisco Umana is a natural person, who on information and belief, resides in Beaverton, Oregon.

15.     Counterclaim Defendant Rafaela Gutierrez is a natural person, who on information and belief, resides in Aloha, Oregon.

16.     Counterclaim Defendant Lilena Vázquez is a natural person, who on information and belief, resides in Aloha, Oregon.

17.     Counterclaim Defendant Martha Dominguez is a natural person, who on information and belief, resides in Aloha, Oregon.

18.     Counterclaim Defendant Victor Hugo Garcia is a natural person, who on information and belief, resides in Beaverton, Oregon.

19.     Counterclaim Defendant Jorge Garcia is a natural person, who on information and belief, resides in Vancouver, Washington.

20.     Counterclaim Defendant Alejandro Sanchez is a natural person, who on information and belief, resides in Renton, Washington in King County.

21.    Counterclaim Defendant Hilda Arvizu is a natural person, who on information and belief, resides in Renton, Washington in King County.

22.    Counterclaim Defendant Solomon Denbal is a natural person, who on information and belief, resides in Marysville, Washington in Snohomish County.

23.    Counterclaim Defendant Zetzael Madrigal is a natural person, who on information and belief, resides in Yakima, Washington in Yakima County.

24.    Counterclaim Defendant Ignacio Lopez is a natural person, who on information and belief, resides in Kent, Washington in King County.

25.    Counterclaim Defendant Gerardo Ramirez Solis is a natural person, who on information and belief, resides in Renton, Washington in King County.

26.    Counterclaim Defendant Luis Solis is a natural person, who on information and belief, resides in Renton, Washington in SeaTac, Washington in Kent County.

27.    Counterclaim Defendant Tatiana Dikhamindzhiya is a natural person, who on information and belief, resides in Spokane Valley, Washington in Spokane County.

28.    Counterclaim Defendants may be referred to collectively as "Guarantors" or "Counterclaim Defendants."

III.    **THE FRANCHISE AGREEMENTS AND THE GUARANTY AND ASSUMPTION OF OBLIGATIONS**

29.    Each Counterclaim Defendant is a party to and personal guarantor of a Guaranty and Assumption of Obligations in connection with a corresponding Franchise Agreement.

30.    On or about November 4, 2011, Plaintiff and Counterclaim Defendant Brenda Aceituno executed a personal Guaranty and Assumption of Obligations, establishing that Escobar would be, among other things, "personally bound by each and every condition and term contained" in the Franchise Agreement between NMC and AJ Cleaning Services LLC that was

entered into on or around the same date. A true and correct copy of that Franchise Agreement and Guaranty and Assumption of Obligation is attached hereto as Exhibits A and A-1.

31.    On or about December 17, 2011, Plaintiff and Counterclaim Defendant Solomon Denbal executed a personal Guaranty and Assumption of Obligations, establishing that Denbal would be, among other things, "personally bound by each and every condition and term contained" in the Franchise Agreement between NMC and Solomon Office Building Maintenance Services LLC that was entered into on or around the same date. A true and correct copy of that Franchise Agreement and Guaranty and Assumption of Obligation is attached hereto as Exhibits B and B-1.

32.    On or about December 27,2013, Plaintiff and Counterclaim Defendant Tatiana Dikhamindzhiya executed a personal Guaranty and Assumption of Obligations, establishing that Escobar would be, among other things, "personally bound by each and every condition and term contained" in the Franchise Agreement between NMC and Prof Cleaning LLC that was entered into on or around the same date. A true and correct copy of that Franchise Agreement and Guaranty and Assumption of Obligation is attached hereto as Exhibits C and C-1.

33.    On or about October 1, 2014, Plaintiff and Counterclaim Defendant Francisco Umana executed a personal Guaranty and Assumption of Obligations, establishing that Umana would be, among other things, "personally bound by each and every condition and term contained" in the Franchise Agreement between NMC and FJ Cleaning Services, LLC that was entered into on or around the same date. A true and correct copy of that Franchise Agreement and Guaranty and Assumption of Obligation is attached hereto as Exhibits D and D-1.

34.    On or about November 7, 2014, Plaintiff and Counterclaim Defendant Zetzael Madrigal executed a personal Guaranty and Assumption of Obligations, establishing that Madrigal would be, among other things, "personally bound by each and every condition and term

contained" in the Franchise Agreement between NMC and D&Z Maintenance Company LLC that was entered into on or around the same date. A true and correct copy of that Franchise Agreement and Guaranty and Assumption of Obligation is attached hereto as Exhibits E and E-1.

35.     On or about December 23, 2014, Plaintiff and Counterclaim Defendant Lilena Vázquez executed a personal Guaranty and Assumption of Obligations, establishing that Vasquez would be, among other things, "personally bound by each and every condition and term contained" in the Franchise Agreement between NMC and Lilena's Cleaning Service LLC that was entered into on or around the same date. A true and correct copy of that Franchise Agreement and Guaranty and Assumption of Obligation is attached hereto as Exhibits F and F-1.

36.     On or about February 27, 2015, Plaintiff and Counterclaim Defendant Maura Escobar executed a personal Guaranty and Assumption of Obligations, establishing that Escobar would be, among other things, "personally bound by each and every condition and term contained" in the Franchise Agreement between NMC and Hernandez Framing LLC that was entered into on or around the same date. A true and correct copy of that Franchise Agreement and Guaranty and Assumption of Obligation is attached hereto as Exhibits G and G-1.

37.     On or about November 19, 2015, Plaintiff and Counterclaim Defendant Luis Solis executed a personal Guaranty and Assumption of Obligations, establishing that Solis Garcia would be, among other things, "personally bound by each and every condition and term contained" in the Franchise Agreement between NMC and Seattles Best Cleaning Services LLC that was entered into on or around the same date. A true and correct copy of that Franchise Agreement and Guaranty and Assumption of Obligation is attached hereto as Exhibits H and H-1.

38.     On or about December 29, 2015, Plaintiff and Counterclaim Defendant Rafaela Gutierrez executed a personal Guaranty and Assumption of Obligations, establishing that

Gutierrez would be, among other things, "personally bound by each and every condition and term contained" in the Franchise Agreement between NMC and Alfaro's Deep Cleaning LLC that was entered into on or around the same date. A true and correct copy of that Franchise Agreement and Guaranty and Assumption of Obligation is attached hereto as Exhibits I and I-1.

39. On or about February 1, 2016, Plaintiff and Counterclaim Defendant Gerardo Ramirez Solis executed a personal Guaranty and Assumption of Obligations, establishing that Ramirez Solis would be, among other things, "personally bound by each and every condition and term contained" in the Franchise Agreement between NMC and Brooms and Mops LLC that was entered into on or around the same date. A true and correct copy of that Franchise Agreement and Guaranty and Assumption of Obligation is attached hereto as Exhibits J and J-1.

40. On or about December 12, 2016, Plaintiff and Counterclaim Defendants Alejandro Sanchez and Hilda Arvizu executed a personal Guaranty and Assumption of Obligations, establishing that Sanchez and Arvizu would be, among other things, "personally bound by each and every condition and term contained" in the Franchise Agreement between NMC and Sisters Janitorial LLC that was entered into on or around the same date. A true and correct copy of that Franchise Agreement and Guaranty and Assumption of Obligation is attached hereto as Exhibits K and K-1.

41. On or about December 20, 2016, Plaintiff and Counterclaim Defendant Efrain Martinez executed a personal Guaranty and Assumption of Obligations, establishing that Martinez would be, among other things, "personally bound by each and every condition and term contained" in the Franchise Agreement between NMC and Alpha Janitorial Services LLC that was entered into on or around the same date. A true and correct copy of that Franchise Agreement and Guaranty and Assumption of Obligation is attached hereto as Exhibits L and L-1.

57

42.     On or about December 13, 2016, Plaintiff and Counterclaim Defendant Ignacio Lopez executed a personal Guaranty and Assumption of Obligations, establishing that Lopez would be, among other things, "personally bound by each and every condition and term contained" in the Franchise Agreement between NMC and Jireh Janitorial Services LLC that was entered into on or around the same date. A true and correct copy of that Franchise Agreement and Guaranty and Assumption of Obligation is attached hereto as Exhibits M and M-1.

43.     On or about April 25, 2017, Plaintiff and Counterclaim Defendant Martha Dominguez executed a personal Guaranty and Assumption of Obligations, establishing that Dominguez would be, among other things, "personally bound by each and every condition and term contained" in the Franchise Agreement between NMC and Servin Maintenance LLC that was entered into on or around the same date. A true and correct copy of that Franchise Agreement and Guaranty and Assumption of Obligation is attached hereto as Exhibits N and N-1.

44.     On or about September 26, 2017, Plaintiff and Counterclaim Defendant Victor Hugo Garcia executed a personal Guaranty and Assumption of Obligations, establishing that Hugo Garcia would be, among other things, "personally bound by each and every condition and term contained" in the Franchise Agreement between NMC and Hugo's M&C Cleaning Service LLC that was entered into on or around the same date. A true and correct copy of that Franchise Agreement and Guaranty and Assumption of Obligation is attached hereto as Exhibits O and O-1.

45.     On or about September 30, 2017, Plaintiff and Counterclaim Defendant Jorge Garcia executed a personal Guaranty and Assumption of Obligations, establishing that Garcia would be, among other things, "personally bound by each and every condition and term contained" in the Franchise Agreement between NMC and Urban Cleaning Services PDX LLC

that was entered into on or around the same date.  A true and correct copy of that Franchise

Agreement and Guaranty and Assumption of Obligation is attached hereto as Exhibits P and P-1.

## IV.    COUNTERCLAIM DEFENDANTS' PROMISES UNDER THE GUARANTY AND ASSUMPTION OF OBLIGATIONS

46.    Each Guaranty and Assumption of Obligations entered into by the Counterclaim

Defendants, as reflected in Exhibits A-1 to P-1, establishes that the Guarantor promises to fulfill

any and all obligations established in the underlying Franchise Agreement.

47.    Specifically, each Guaranty and Assumption of Obligation establishes, in relevant

part, that Guarantor:

> Personally and unconditionally guarantees to us, and our successors and assigns,
> for the term of the Agreement and thereafter . . . **that [Guarantor] will timely
> pay and perform each and every undertaking, agreement and covenant
> stated in the Agreement**. Further, the Guarantors, individually and jointly, agree
> to be personally bound by each and every condition and term contained in any
> Franchise Agreement(s), promissory notes or other agreements entered into now
> or in the future… and agree that this Guaranty will be construed as though each of
> the Guarantors executed a Franchise Agreement containing the identical terms
> and conditions of this Franchise Agreement.

*See* Guaranties and Assumptions of Obligations (Exhibits A-1 to P-1) (emphasis added).

48.    The Guaranty and Assumption of Obligations also separately states that

"Guarantor consents and agrees that . . . Guarantor will pay all reasonable legal fees and all costs

and other expenses we incur in enforcing this guaranty or any negotiations relative to the

obligations hereby guaranteed." *See Id*.

## V.    COUNTERCLAIM DEFENDANTS' OBLIGATIONS UNDER THE FRANCHISE AGREEMENTS

49.    Under Section 9.C of the Franchise Agreements ("Agmt.") Counterclaim

Defendants promised to "hire all employees of the Business, be exclusively responsible for the

terms of their employment and compensation and implement a training program that complies

with our requirements to certify each employee." Agmt. § 9.C. Counterclaim Defendants further

agreed that they would "maintain at all times a staff of trained employees sufficient to operate the Business." *Id*.

50.  Under Section 9.G of the Franchise Agreements, Counterclaim Defendants agreed: "You understand that you as an independent business owner are solely responsible for compliance with all applicable laws, regulations, ordinances relating to the operation of the Business." Agmt. § 9.G. Counterclaim Defendants further agreed that they would "operate the Business in full compliance with all applicable laws, ordinances, and regulations." *Id*.

51.  Counterclaim Defendants also specifically agreed that they would "comply with all laws and regulations respecting employment and labor, including all laws, regulations and ordinances relating to any obligation to pay any withholding taxes, social security, unemployment insurance, workers' compensation insurance, disability insurance, and employee benefits." *Id*.

52.  Counterclaim Defendants also specifically agreed that they would "comply with all applicable federal, state and local laws, regulations and ordinances relating to employment practices, including the Fair Labor Standards Act." *Id*.

53.  Counterclaim Defendants further agreed to not "conduct any business [or] employment practice . . . which injures our business, the System or the goodwill associated with the Marks and other NMC Businesses." *Id*.

54.  Under Section 11 of the Franchise Agreements, Counterclaim Defendants agreed that Counterclaim Plaintiffs have the right to inspect Counterclaim Defendants' franchised businesses and conduct audits in the Counterclaim Plaintiffs' discretion. Agmt. § 11.A-C (Counterclaim Plaintiffs have the right, "without prior notice to examine, audit, or request copies

of the Records,[2] including books, records, and state and/or federal income tax records and returns of any Principal Owner.").

55.     Also under Section 11 of the Franchise Agreements, Counterclaim Defendants agreed that they would: "maintain all Records and supporting documents at all times at a designated premises"; "make financial and other information available at a location we reasonably request"; "allow us (and our agents) full and free access to any such information at the Business"; and otherwise "fully cooperate with our representative and independent accountants hired to conduct any examination or audit." Agmt. § 11.A-C.

56.     Under Section 18.A of the Franchise Agreements, Counterclaim Defendants agreed that "We and you are independent contractors." Agmt. § 18.A. Counterclaim Defendants further agreed that: "[n]either party is the . . . employee of the other"; they would "conspicuously identify [themselves] in all dealings with customers, employees, contractors, suppliers, public officials and others as the owner of the Business under a franchise agreement from us"; and that they "will have no right to participate in any of our presently existing or future employee benefits or employee benefit plans, including stock option plans, retirement plans, medical plans, or other benefits provided to our employees." *Id*. Counterclaim Defendants also agreed that so "long as your responsibilities as a franchisee are being performed, we will not control or direct the details, manner, or means by which you perform your obligations and responsibilities." *Id*.

---

[2] Section 10 of the Franchise Agreements defines Records to include, among other possible records:

> (1) cash disbursements journal and weekly payroll register; (2) copies of all government mandates forms, certifications and affidavits; (3) monthly bank statements and daily deposit slips and canceled checks; (4) all tax returns relating to the Business and of each of the Principal Owners; (5) suppliers' and customers' invoices (paid and unpaid); (6) quarterly profit and loss statements; and (7) such other records and information as we periodically may request.

57.    Under Section 18.B of the Franchise Agreements, Counterclaim Defendants agreed:

> to indemnify and hold us and our subsidiaries, affiliates, shareholders, members, directors, officers, employees and agents harmless against, and to reimburse us and them for, any loss, liability or damages arising out of or relating to your ownership or operation of the Business, and all reasonable costs of defending any claim brought against any of us or them or any action in which any of us or them is named as a party (including reasonable legal fees), unless the loss, liability, or damage or cost is solely due to our negligence.

Agmt. § 18.B.

58.    Further under Section 18.C of the Franchise Agreements, Counterclaim Defendants agreed that the "indemnities and assumptions of liabilities and obligations continue in full force and effect after the expiration or termination of this Agreement." Agmt. § 18 C.

59.    Under Section 19.C of the Franchise Agreements, Counterclaim Defendants agreed that "[t]he nonprevailing party will pay all costs and expenses that the prevailing party incurs in any action brough to enforce any provision of this Agreement or to enjoin any violations of this Agreement." Agmt. § 19.C.

## VI.    COUNTS

### COUNT I: Declaratory Judgment – Audit Provisions of the Franchise Agreements

60.    Each of the preceding factual allegations is incorporated herein, the same as if fully set forth herein.

61.    The Second Amended Complaint ("SAC") (ECF No. 112) makes various allegations regarding amounts due and owing to employees of each franchised business. Counterclaim Defendants allege, among things, that they are entitled to "unpaid wages and . . . overtime premiums under the Fair Labor Standards Act." SAC ¶ 8. They allege that they are entitled to "redress under Washington's wage and hour laws," which include "prevailing wages."

*Id.* ¶ 13. The SAC also includes allegations that Counterclaim Defendants were improperly required to incur various "operational costs." *Id.* ¶ 140.

62.    An actual and justiciable controversy between and among the parties exists within the meaning of 28 U.S.C. § 2201, regarding whether Counterclaim Defendants incurred the damages, costs and expenses alleged and whether the franchised businesses paid any amounts as wages to Plaintiff Employees or themselves, requiring a complete exercise of Counterclaim Plaintiffs' rights to audit the franchises, pursuant to Section 11.A of the Franchise Agreements.

63.    Pursuant to Section 11 of the Franchise Agreement, Counterclaim Plaintiffs are entitled to a full audit of all Counterclaim Defendants' books, records, and accounts relating to the Business. Pursuant to Section 10 of the Franchise Agreement, such records include but may not be limited to: "(1) cash disbursements journal and weekly payroll register; (2) copies of all government mandates forms, certifications and affidavits; (3) monthly bank statements and daily deposit slips and canceled checks; (4) all tax returns relating to the Business and of each of the Principal Owners; (5) suppliers' and customers' invoices (paid and unpaid); (6) quarterly profit and loss statements; and (7) such other records and information as we periodically may request."

64.    Counterclaim Plaintiffs hereby demand that Counterclaim Defendants turnover all "Records" as that term is defined in Section 10 of the Franchise Agreements, for immediate review and audit by Counterclaim Plaintiffs or their designees.

65.    Counterclaim Plaintiffs are entitled to an order directing Counterclaim Defendants to immediately turnover all Records for the relevant period for audit and review.

### COUNT II: Declaratory Judgment – Counterclaim Defendants are the Employers of Plaintiff-Employees

66.    Each of the proceeding factual allegations is incorporated herein, the same as if fully set forth herein.

67.    In the Second Amended Complaint, the "Plaintiff-Employees" claim that they are the victims of employment law violations. The "Plaintiff-Employees" further claim they are Counterclaim Plaintiffs' employees, not Counterclaim Defendants' employees.

68.    However, the "Plaintiff-Employees" are, in fact, Counterclaim Defendants' employees. Pursuant to Sections 9 and 18.A of the Franchise Agreements, Counterclaim Defendants agreed that they operate independent businesses, that they are not the franchisors' employees, that they would hire their own employees, that they would obey all labor and employment laws and regulations with respect to such employees, and that the franchisors do not control or direct the details, manner, or means by which they perform their obligations and responsibilities.

69.    An actual and justiciable controversy between and among the parties exists within the meaning of 28 U.S.C. § 2201, regarding whose employees the "Plaintiff-Employees" are.

70.    Counterclaim Plaintiffs are entitled to a declaration that the "Plaintiff-Employees" are Counterclaim Defendants' employees, and Counterclaim Defendants are thus liable to "Plaintiff-Employees" for any labor or employment law violations.

**COUNT III: Indemnity/Breach of Contract Against Counterclaim Defendants**

71.    Each of the proceeding factual allegations is incorporated herein, the same as if fully set forth herein.

72.    All seventeen claims raised in the SAC assert that Counterclaim Plaintiffs are currently or imminently liable for alleged injuries that the "Plaintiff-Employees" (*i.e.*, the employees of Counterclaim Defendants' franchised businesses) allegedly sustained.

73.    Counterclaim Plaintiffs deny that they are liable for any claims raised in the Second Amended Complaint. To the extent that they are held liable for any claims, however,

they are entitled to indemnification from Counterclaim Defendants for liabilities, losses, or damages that stem directly from claims asserted by the "Plaintiff-Employees".

74.    Each Counterclaim Defendant as Guarantor has unconditionally agreed to indemnify the Counterclaim Plaintiffs, including by and through its promise—stated in the Guaranty and Assumption of Obligations—to "pay and perform each and every undertaking, agreement and covenant stated in the [Franchise] Agreement."

75.    Each Guaranty and Assumption of Obligations and each Franchise Agreement is a binding and valid contract.

76.    Counterclaim Plaintiffs have performed all obligations under each Franchise Agreement and Guaranty and Assumption of Obligations.

77.    Counterclaim Defendants have breached and continue to breach the foregoing agreements by virtue of their failure to indemnify and hold harmless Counterclaim Plaintiffs for liabilities, losses, and damages, asserted against them in this action by "Plaintiff-Employees."

78.    Counterclaim Plaintiffs have been, and will continue to be, damaged in an amount to be determined at trial as a direct and proximate result of these contractual breaches, which Counterclaim Defendants seek to recover in this action.

## COUNT IV: Attorneys' Fees

79.    Each of the proceeding factual allegations is incorporated herein, the same as if fully set forth herein.

80.    Each Guaranty and Assumption of Obligations and each Franchise Agreement is a binding and valid contract.

81.    Each Franchise Agreement establishes, in relevant part, that "[t]he nonprevailing party will pay all costs and expenses that the prevailing party incurs in any action brough to

enforce any provision of this Agreement or to enjoin any violations of this Agreement." Agmt. §
19.C.

82.     The Guaranty and Assumption of Obligations separately establishes that
"Guarantor consents and agrees that . . . Guarantor will pay all reasonable legal fees and all costs
and other expenses we incur in enforcing this guaranty or any negotiations relative to the
obligations hereby guaranteed." *See* Guaranty and Assumption of Obligations.

83.     Counterclaim Plaintiffs have performed all obligations under each Franchise
Agreement and Guaranty and Assumption of Obligations.

84.     If Counterclaim Plaintiffs are the prevailing party in the underlying action, they
are entitled to an order from the Court instructing Counterclaim Defendants to pay for attorneys'
fees and costs in an amount to be determined at trial.

### **Prayer for Relief**

WHEREFORE, COUNTERCLAIM PLAINTIFFS request that the Court enter judgement:

a.  Declaring, pursuant to 28 U.S.C. § 2201, that Counterclaim Plaintiffs are entitled to a full
and immediate audit of Counterclaim Defendants' businesses, pursuant to Section 11 of the
Franchise Agreements and ordering Counterclaim Defendants to immediately produce all
"Records" as that term is defined in the Franchise Agreements;

b.  Declaring, pursuant to 28 U.S.C. § 2201, that Counterclaim Defendants are the employers
of Plaintiff-Employees and are thus liable for their alleged injuries and damages;

c.  For judgment against Counterclaim Defendants for indemnification for all claims and
damages alleged by Plaintiff Employees against Counterclaim Plaintiffs;

d.  For attorneys' fees and costs based on the Franchise Agreements and the Guaranties and
Assumptions of Obligations;

e.  Granting such other and further relief to which Counterclaim Plaintiffs may be entitled.

Respectfully submitted this 23rd day of March, 2023, by:

/s/  Michael R. Gray
Michael R. Gray (*pro hac vice*)
Michael.Gray@lathropgpm.com
Craig P. Miller (*pro hac vice*)
Craig.Miller@lathropgpm.com
Frank J. Sciremammano (*pro hac vice*)
Frank.Sciremammano@lathropgpm.com
David C. Archer
David.Archer@lathropgpm.com
LATHROP GPM LLP
500 IDS Center
80 South Eighth Street
Minneapolis, MN  55402

Joseph Vance, P.C.
Miller Nash LLP
500 Broadway Street, Suite 400
Vancouver, WA  98660
Joseph.Vance@millernash.com

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **ANSWER TO SECOND AMENDED COMPLAINT AND DEFENDANT AND COUNTERCLAIM PLAINTIFFS' COUNTERCLAIMS** via CM/ECF as follows on the date stated below:

Mayra A. Ledesma
mayra@nwjp.org
Corinna Spencer-Scheurich
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington St., Suite 225
Portland, OR  97205

D. Michael Dale
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR  97113

Daniel Werner
dan@decaturlegal.com
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave, Suite 1080
Decatur, GA  30030
*Attorneys for Plaintiffs*

Phil Goldsmith
phil@lopglaw.com
Law Office of Phil Goldsmith
1205 NW 25th Street
Portland, OR 97210
Telephone: (503) 545-9904

Dated this 23rd day of March, 2023.


By: /s/ Michael Gray