Joseph Vance, P.C.
Miller Nash LLP
500 Broadway Street, Suite 400
Vancouver, WA 98660
Joseph.Vance@millernash.com

Michael R. Gray
Michael.Gray@lathropgpm.com
Craig P. Miller
Craig.Miller@lathropgpm.com
Frank J. Sciremammano
Frank.Sciremammano@lathropgpm.com
David C. Archer
David.Archer@lathropgpm.com
LATHROP GPM LLP
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

*Attorneys for Third-Party Plaintiffs/Defendants*
*National Maintenance Contractors, LLC,*
*NMC Franchising, LLC, and Defendants Marsden*
*Services, LLC, Gregg McDonald, Noe Valladares,*
*Ryan Lee, Jesse Wilmore, Steven Watkins, Lise*
*Watkins, and Guy Mingo*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **MAURA ESCOBAR, ROGELIO RODRIGUEZ, RAQUEL ESCOBAR, JUAN ACEITUNO, BRENDA ACEITUNO, EFRAIN MARTINEZ, CECILIA GUTIERREZ, FRANCISCO UMANA, EDWARD UMANA, RAFAELA GUTIERREZ, LUIS ALFARO, LILENA VÁZQUEZ, MARTHA DOMINGUEZ, MARCO SERVIN, VICTOR HUGO GARCIA, SILVIA BARRAZA, JORGE GARCIA, ULISAR MORALES, ALEJANDRO SANCHEZ, HILDA ARVIZU,** | Case No.: 3:20-cv-01695-SB |
| | **DEFENDANTS NATIONAL MAINTENANCE CONTRACTORS, LLC AND NMC FRANCHISING, LLC'S THIRD-PARTY COMPLAINT** |
| | Fair Labor Standards Act, Trafficking Victims Protection Act, Internal Revenue Code, Racketeer Influenced and Corrupt Organizations Act (RICO) |

| | |
|---|---|
| **SOLOMON DENBEL, ZETZAEL MADRIGAL, MARIA MADRIGAL, IGNACIO LOPEZ, CONCEPCION CRUZ, CONCEPCION SOLIS, GERARDO RAMIREZ-CRUZ, GERARDO RAMIREZ-SOLIS, JESSICA RAMIREZ-SOLIS, LUIS SOLIS, KAREN MARTINEZ, TATIANA DIKHAMINDZHIYA,** and **GEORGY DIKHAMINDZHIYA,** individually, | Oregon RICO<br>Washington RICO<br>Oregon Wage and Hour Law,<br>Oregon Labor Contractor Law,<br>Washington Wage and Hour Law,<br>Contract Law<br>Tort Law |

Plaintiffs,

v.

**MARSDEN SERVICES, LLC,** a Delaware limited liability corporation, **GREGG MCDONALD, NOE VALLADARES, JIM WADE, RYAN LEE, JESSE WILMORE, STEVEN WATKINS, LISE WATKINS,** and **GUY MINGO,** individuals,

Defendants,

v.

**NATIONAL MAINTENANCE CONTRACTORS, LLC**, a Delaware limited liability company; **NMC FRANCHISING, LLC,** a Delaware limited liability company;

Third-Party Plaintiffs and Defendants,

v.

**AJ CLEANING SERVICES LLC**, an Oregon limited liability company; **HERNANDEZ FRAMING SPECIALISTS LLC,** an Oregon limited liability company; **SOLOMON OFFICE BUILDING MAINTENANCE SERVICES LLC,** a Washington limited liability company; **PROF CLEANING**

DEMAND FOR JURY TRIAL

**LLC,** a Washington limited liability company; **FJ CLEANING SERVICES LLC**, an Oregon limited liability company; **D&Z MAINTENANCE COMPANY LLC**, a Washington limited liability company; **LILENA'S CLEANING SERVICE LLC**, an Oregon limited liability company; **SEATTLES BEST CLEANING SERVICES LLC**, a Washington limited liability company; **ALFARO'S DEEP CLEANING LLC**, an Oregon limited liability company; **BROOMS AND MOPS LLC**, a Washington limited liability company; **SISTER'S JANITORIAL LLC**, a Washington limited liability company; **ALPHA JANITORIAL SERVICES LLC**, an Oregon limited liability company; **JIREH CLEANING AND JANITORIAL SERVICES LLC**, an Oregon limited liability company; **SERVIN MAINTENANCE LLC**, an Oregon limited liability company; **HUGO'S M&C CLEANING SERVICES LLC**, an Oregon limited liability company formed; **URBAN CLEANING SERVICES PDX LLC**, an Oregon limited liability company,

        Third-Party Defendants.

Defendants/Third-Party Plaintiffs National Maintenance Contractors, LLC and NMC Franchising, LLC ("Third-Party Plaintiffs"), pursuant to Rule 14 of the Federal Rules of Civil Procedure, as and for their Third-Party Complaint against AJ Cleaning Services, LLC; Hernandez Framing Specialists LLC; Solomon Office Building Maintenance Services LLC; Prof Cleaning LLC; FJ Cleaning Services LLC; D&Z Maintenance Company LLC; Lilena's Cleaning Service LLC; Seattles Best Cleaning Services LLC; Alfaro's Deep Cleaning, LLC; Brooms and Mops LLC; Sister's Janitorial LLC; Alpha Janitorial Services LLC; Jireh Cleaning and Janitorial

Services LLC; Servin Maintenance LLC; Hugo's M&C Cleaning Services LLC; and Urban Cleaning Services PDX LLC (collectively, "Third-Party Defendants"), state and allege as follows:

I. **PRELIMINARY STATEMENT**

1.      This is a straightforward franchise dispute. Third-Party Plaintiffs are the current and predecessor franchisors of the National Maintenance Contractors[SM] franchise system. They are engaged in the business of franchising independent businesses to operate National Maintenance Contractors franchises throughout Washington and Oregon.  National Maintenance Contractors franchisees are licensed to use the National Maintenance Contractors system, which involves the solicitation and provision of janitorial, custodial, and building maintenance services using National Maintenance Contractor's service marks, products, equipment, supplies, confidential information, business techniques, methods and procedures, and sales promotion programs.

2.      Third-Party Defendants are current and former National Maintenance Contractors franchisees who operate and/or operated their franchised businesses in Washington and Oregon. Many of the Third-Party Defendants have operated for decades. They provide janitorial, custodial and other building maintenance services to their customers through Franchise Agreements they entered into with Third-Party Plaintiffs. After many years of operation as independent franchisees, their owners, who are also personal guarantors to the franchise agreements, now wrongfully claim (as the  "Plaintiffs-buyers" in this action) that they have been "misclassified" as franchisees and are actually employees of the franchisor, NMC Franchising, LLC and its predecessor and an affiliated company. Plaintiffs allege no factual support for the misclassification proposition.  They just assume it to be true. Plaintiffs assert seventeen claims based on this legal fiction. As part of their claims, Plaintiffs allege that they were defrauded by

Third-Party Plaintiffs and Defendants into believing that they would earn more revenue and profits from their franchised businesses than they actually did. Not only do Third-Party Plaintiffs vehemently dispute these allegations, but they are belied by the facts.

3.       First, many of the Plaintiff-buyers / Counterclaim Defendants and Third-Party Defendants actually approached and solicited Third-Party Plaintiffs to purchase their franchises after learning about the business opportunity from other National Maintenance Contractors franchisees. Additionally, in conjunction with signing their Franchise Agreements, Counterclaim Defendants and Third-Party Defendants specifically disclaimed receipt or reliance on the type of alleged extra-contractual representations that they now claim they relied upon to their detriment. Further, collectively  Counterclaim Defendants and Third-Party Defendants have been National Maintenance Contractors franchisees for more than 140 years. Most of them have entered into multiple National Maintenance Contractors Franchise Agreements and have renewed those contracts multiple times. The 16 franchisee "Plaintiff groups" identified in the Second Amended Complaint (ECF No. 112) constitute only a handful of the over 150 National Maintenance Contractors franchisees in Washington and Oregon.

4.       Each Franchise Agreement also provides the basis for affirmative claims that Third-Party Plaintiffs raise by this Third-Party Complaint in response to the underlying action. Third-Party Defendants are each liable for claims based on the express terms of the Franchise Agreements. Under the Franchise Agreements, Third-Party Plaintiffs assert four claims.

5.       First, Third-Party Plaintiffs seek a declaration of their rights under the Franchise Agreement to conduct an audit of Third-Party Defendants' books, accounting records, and related documents in connection with alleged losses, damages, unpaid wages, offsets, expenses incurred, and other amounts in dispute.

6.      Second, Third-Party Plaintiffs seek a declaration that Third-Party Defendants are the employers of the people identified as "Plaintiff-families" in the Second Amended Complaint,[1] and are thus liable for any employment law violations the "Plaintiff-families" allege and prove.

7.      Third, Third-Party Plaintiffs assert a claim for indemnification for liabilities, losses, or damages that stem directly from claims asserted by the "Plaintiff-families" based on Third-Party Defendants' agreement, under the express terms of each Franchise Agreement, to indemnify Third-Party Plaintiffs for any losses, liabilities, and damages that arise out of or relate to their ownership or operation of their Businesses.

8.      Finally, Third-Party Plaintiffs assert their right to the recovery of attorneys' fees and costs from Third-Party Defendants (and Counterclaim Defendants) if they prevail in this action, consistent with their express rights to such amounts under each Franchise Agreement.

## II.     JURISDICTION

9.      This Court has supplemental jurisdiction over Third-Party Plaintiffs' claims under 28 U.S.C. § 1367 because it is part of the same case and controversy as the claims asserted in the Second Amended Complaint originally filed by plaintiffs in this case.

10.     Each Third-Party Defendant is subject to personal jurisdiction in this Court by: transacting business in the State of Oregon; and/or engaging in acts or omissions that caused injury within the State of Oregon while engaged in activities in Oregon; and/or commencing litigation in this Court in their capacities as Personal Guarantors of the Franchise Agreements in

---

[1] Plaintiffs Rogelio Rodriguez, Raquel Escobar, Juan Aceituno, Cecilia Gutierrez, Ulisar Morales, Francisco Umana, Edward Umana, Victor Hugo Garcia, and Silvia Barraza, Rafaela Gutierrez, Luis Alfaro, Marco Servin, Ignacio Lopez, Concepcion Cruz, Gerardo Ramirez-Cruz, Concepcion Solis, Jessica Ramirez-Solis, Karen Martinez, and Maria Madrigal.

dispute and as owners and operators of the franchised businesses in dispute; and/or consenting to and availing themselves of jurisdiction of this Court by, among other things, seeking rescission in the Second Amended Complaint of the Franchise Agreements to which Third-Party Defendants are parties.

11. Venue for Plaintiffs' third-party claims is proper in this Court pursuant to 28 U.S.C. § 1391(b) because it is the district in which a substantial party of the events or omissions giving rise to the claim occurred; and, alternatively, because Third-Party Defendants are subject to personal jurisdiction in this District and are deemed to reside herein for purposes of venue under 28 U.S.C. § 1391(c)(2); and, alternatively, because Third-Party Defendants have consented to venue by initiating the underlying action by and through owners and operators of each Third-Party Defendant entity.

12. A justiciable controversy exists between the Parties, and as such, this Court has jurisdiction over this declaratory judgment action, pursuant to 28 U.S.C. § 2201(a).

## III. PARTIES

### *Third-Party Plaintiffs*

13. Third-Party Plaintiff National Maintenance Contractors, LLC is a Delaware Limited Liability Company with its principal place of business in the State of Washington.

14. Third-Party Plaintiff NMC Franchising, LLC is a Delaware Limited Lability Company with its principal place of business in the State of Washington.

### *Third-Party Defendants*

15. AJ Cleaning Services LLC is a limited liability company formed and operating in the State of Oregon.

16. Solomon Office Building Maintenance Services LLC is a limited liability company and formed and operating in the State of Washington.

17. Prof Cleaning LLC is a limited liability company formed and operating in the State of Washington.

18. FJ Cleaning Services LLC is a limited liability company formed and operating in the State of Oregon.

19. D&Z Maintenance Company LLC is a limited liability company formed and operating in the State of Washington.

20. Lilena's Cleaning Service LLC is a limited liability company formed and operating in the State of Oregon.

21. Hernandez Framing Specialists LLC is a limited liability company formed and operating in the State of Oregon.

22. Seattle's Best Cleaning Services LLC is a limited liability company formed and operating in the State of Washington.

23. Alfaro's Deep Cleaning, LLC is a limited liability company formed and operating in the State of Oregon.

24. Brooms and Mops LLC is a limited liability company formed and operating in the State of Washington.

25. Sister's Janitorial LLC is a limited liability company formed and operating in the State of Washington.

26. Alpha Janitorial Services LLC is a limited liability company formed and operating in the State of Oregon.

27.     Jireh Cleaning and Janitorial Services LLC is a limited liability company formed and operating in the State of Oregon.

28.     Servin Maintenance LLC is a limited liability company formed and operating in the State of Oregon.

29.     Hugo's M&C Cleaning Services LLC is a limited liability company formed and operating in the State of Oregon.

30.     Urban Cleaning Services PDX LLC is a limited liability company formed and operating in the State of Oregon.

## IV.     THE FRANCHISE AGREEMENTS

31.     Each Third-Party Defendant is a party to a Franchise Agreement with NMC Franchising LLC ("NMC").

32.     On or about November 4, 2011, AJ Cleaning Services LLC entered into a Franchise Agreement with NMC for the operation of an independent NMC-franchised cleaning business located in Oregon.  A true and correct copy of that Franchise Agreement is available at ECF No. 141-1.[2]

33.     On or about December 17, 2011, Solomon Office Building Maintenance Services LLC entered into a Franchise Agreement with NMC for the operation of an independent NMC-franchised cleaning business located in and around Washington. A true and correct copy of that Franchise Agreement is available at ECF No. 141-3.

---

[2] The Franchise Agreements cited in these Paragraphs 32-47 have previously been filed as exhibits in this case and are therefore being cited herein by their ECF numbers to minimize duplicative and voluminous filings. Third-Party Plaintiffs are prepared to file these Franchise Agreements as separate exhibits to this Third-Party Complaint if requested by the Court.

34.     On or about December 27, 2013, Prof Cleaning LLC entered into a Franchise Agreement with NMC for the operation of an independent NMC-franchised cleaning business located in and around Washington. A true and correct copy of that Franchise Agreement is available at ECF No. 141-5.

35.     On or about October 1, 2014, FJ Cleaning Services, LLC entered into a Franchise Agreement with NMC for the operation of an independent NMC-franchised cleaning business located in and around Oregon. A true and correct copy of that Franchise Agreement is available at ECF No. 141-7.

36.     On or about November 7, 2014, D&Z Maintenance Company LLC entered into a Franchise Agreement with NMC for the operation of an independent NMC-franchised cleaning business located in and around Washington. A true and correct copy of that Franchise Agreement is available at ECF No. 141-9

37.     On or about December 23, 2014, Lilena's Cleaning Service LLC entered into a Franchise Agreement with NMC for the operation of an independent NMC-franchised cleaning business located in and around Oregon. A true and correct copy of that Franchise Agreement is available at ECF No. 141-11.

38.     On or about February 27, 2015, Hernandez Framing Specialists LLC entered into a Franchise Agreement with NMC for the operation of an independent NMC-franchised cleaning business located in and around Oregon. A true and correct copy of that Franchise Agreement is available at ECF No. 141-13.

39.     On or about November 19, 2015, Seattle's Best Cleaning Services LLC entered into a Franchise Agreement with NMC for the operation of an independent NMC-franchised

cleaning business located in and around Washington. A true and correct copy of that Franchise Agreement is available at ECF No. 141-15.

40.     On or about December 29, 2015, Alfaro's Deep Cleaning LLC entered into a Franchise Agreement with NMC for the operation of an independent NMC-franchised cleaning business located in and around Oregon. A true and correct copy of that Franchise Agreement is available at ECF No. 141-17.

41.     On or about February 1, 2016, Brooms and Mops LLC entered into a Franchise Agreement with NMC for the operation of an independent NMC-franchised cleaning business located in and around Washington. A true and correct copy of that Franchise Agreement and is available at ECF No. 141-19.

42.     On or about December 12, 2016, Sisters Janitorial LLC entered into a Franchise Agreement with NMC for the operation of an independent NMC-franchised cleaning business located in and around Washington. A true and correct copy of that Franchise Agreement and is available at ECF No. 141-21.

43.     On or about December 20, 2016, Alpha Janitorial Services LLC entered into a Franchise Agreement with NMC for the operation of an independent NMC-franchised cleaning business located in and around Oregon. A true and correct copy of that Franchise Agreement is available at ECF No. 142.

44.     On or about December 13, 2016, Jireh Cleaning and Janitorial Services LLC entered into a Franchise Agreement with NMC for the operation of an independent NMC-franchised cleaning business located in and around Washington. A true and correct copy of that Franchise Agreement is available at ECF No. 142-2.

45.     On or about April 25, 2017, Servin Maintenance LLC entered into a Franchise Agreement with NMC for the operation of an independent NMC-franchised cleaning business located in and around Oregon. A true and correct copy of that Franchise Agreement is available at ECF No. 143.

46.     On or about September 26, 2017, Hugo's M&C Cleaning Service LLC entered into a Franchise Agreement with NMC for the operation of an independent NMC-franchised cleaning business located in and around Oregon. A true and correct copy of that Franchise Agreement is available at ECF No. 143-2.

47.     On or about September 30, 2017, Urban Cleaning Services PDX LLC entered into a Franchise Agreement with NMC for the operation of an independent NMC-franchised cleaning business located in and around Oregon. A true and correct copy of that Franchise Agreement is available at ECF No. 143-4.

48.     Third-Party Defendants have not terminated the foregoing Franchise Agreements, each of which remains in effect on a month-to-month basis.

## V.     THIRD-PARTY DEFENDANTS' OBLIGATIONS UNDER THE FRANCHISE AGREEMENTS

49.     Under Section 9.C of the Franchise Agreements ("Agmt.") Third-Party Defendants promised to "hire all employees of the Business, be exclusively responsible for the terms of their employment and compensation and implement a training program that complies with our requirements to certify each employee." Agmt. § 9.C. Third-Party Defendants further agreed that they would "maintain at all times a staff of trained employees sufficient to operate the Business." *Id*.

50.     Under Section 9.G of the Franchise Agreements, Third-Party Defendants agreed:

"You understand that you as an independent business owner are solely responsible for

compliance with all applicable laws, regulations, [and] ordinances relating to the operation of the

Business." Agmt. § 9.G. Third-Party Defendants further agreed that they would "operate the

Business in full compliance with all applicable laws, ordinances, and regulations." *Id.*

51.     Third-Party Defendants also specifically agreed that they would "comply with all

laws and regulations respecting employment and labor, including all laws, regulations and

ordinances relating to any obligation to pay any withholding taxes, social security,

unemployment insurance, workers' compensation insurance, disability insurance, and employee

benefits." *Id.*

52.     Third-Party Defendants also specifically agreed that they would "comply with all

applicable federal, state and local laws, regulations and ordinances relating to employment

practices, including the Fair Labor Standards Act." *Id.*

53.     Third-Party Defendants further agreed to not "conduct any business [or]

employment practice . . . which injures our business, the System or the goodwill associated with

the Marks and other NMC Businesses." *Id.*

54.     Under Section 11 of the Franchise Agreements, Third-Party Defendants agreed

that Third-Party Plaintiffs have the right to inspect Third-Party Defendants' franchised

businesses and conduct audits at the Counterclaim Plaintiffs' discretion. Agmt. § 11.A-C (Third-

Party Plaintiffs have the right, "without prior notice to examine, audit, or request copies of the

Records,[3] including books, records, and state and/or federal income tax records and returns of any Principal Owner.").

55.    Also under Section 11 of the Franchise Agreements, Third-Party Defendants agreed that they would: "maintain all Records and supporting documents at all times at a designated premises"; "make financial and other information available at a location we reasonably request"; "allow us (and our agents) full and free access to any such information at the Business"; and otherwise "fully cooperate with our representative and independent accountants hired to conduct any examination or audit." Agmt. § 11.A-C.

56.    Under Section 18.A of the Franchise Agreements, Third-Party Defendants agreed that "[w]e and you are independent contractors." Agmt. § 18.A. Third-Party Defendants further agreed that: "[n]either party is the . . . employee of the other"; they would "conspicuously identify [themselves] in all dealings with customers, employees, contractors, suppliers, public officials and others as the owner of the Business under a franchise agreement from us"; and that they "will have no right to participate in any of our presently existing or future employee benefits or employee benefit plans, including stock option plans, retirement plans, medical plans, or other benefits provided to our employees." *Id*. Third-Party Defendants also agreed that so "long as

---

[3] Section 10 of the Franchise Agreements defines Records to include, among other possible records:

> (1) cash disbursements journal and weekly payroll register; (2) copies of all government mandates forms, certifications and affidavits; (3) monthly bank statements and daily deposit slips and canceled checks; (4) all tax returns relating to the Business and of each of the Principal Owners; (5) suppliers' and customers' invoices (paid and unpaid); (6) quarterly profit and loss statements; and (7) such other records and information as we periodically may request.

your responsibilities as a franchisee are being performed, we will not control or direct the details, manner, or means by which you perform your obligations and responsibilities." *Id.*

57.     Under Section 18.B of the Franchise Agreements, Third-Party Defendants agreed to indemnify Third-Party Plaintiffs. Specifically, they agreed:

> to indemnify and hold us and our subsidiaries, affiliates, shareholders, members, directors, officers, employees and agents harmless against, and to reimburse us and them for, any loss, liability or damages arising out of or relating to your ownership or operation of the Business, and all reasonable costs of defending any claim brought against any of us or them or any action in which any of us or them is named as a party (including reasonable legal fees), unless the loss, liability, or damage or cost is solely due to our negligence.

Agmt. § 18.B.

58.     Further, under Section 18.C of the Franchise Agreements, Third-Party Defendants agreed that the "indemnities and assumptions of liabilities and obligations continue in full force and effect after the expiration or termination of this Agreement." Agmt. § 18 C.

59.     Under Section 19.C of the Franchise Agreements, Third-Party Defendants agreed that "[t]he nonprevailing party will pay all costs and expenses that the prevailing party incurs in any action brough to enforce any provision of this Agreement or to enjoin any violations of this Agreement." Agmt. § 19.C.

## VI.     COUNTS

### COUNT I: Declaratory Judgment – Audit Provisions of the Franchise Agreements

60.     Each of the preceding factual allegations is incorporated herein, the same as if fully set forth herein.

61.     The Second Amended Complaint ("SAC") (ECF No. 112) makes various allegations regarding amounts due and owing to employees of each franchised business, including Plaintiff-families. Plaintiffs (to the SAC) allege, among things, that they are entitled to

"unpaid wages and . . . overtime premiums under the Fair Labor Standards Act." SAC ¶ 8. They allege that they are entitled to "redress under Oregon['s]" and "under Washington's wage and hour laws," which include "prevailing wages." *Id.* ¶¶ 11, 13. The SAC also includes allegations that Plaintiffs were improperly required to incur various "deductions," "operational costs," and "out-of-pocket" expenses." *Id.* ¶¶ 140, 141, 175, 213, 214, 255, 256, 281, 282, 313, 314, 405, 456, 491.

62.     Third-Party Defendants are the sole employers of any employees of the franchised business, including Plaintiff-families, and are solely and exclusively obligated, under the Franchise Agreements, to pay any and all wages owed to Plaintiff-families and to comply with state and federal wage and hour and labor laws and regulations.

63.     Third-Party Defendants specifically agreed that they would "comply with all laws and regulations respecting employment and labor, including all laws, regulations and ordinances relating to any obligation to pay any withholding taxes, social security, unemployment insurance, workers' compensation insurance, disability insurance, and employee benefits." Agmt. § 9.G.

64.     An actual and justiciable controversy between and among the parties exists within the meaning of 28 U.S.C. § 2201, regarding whether Plaintiffs/Third-Party Defendants incurred the damages, costs and expenses alleged and whether the Plaintiffs/Third-Party Defendants  paid any amounts as wages to Plaintiff-families or themselves, requiring a complete exercise of Third-Party Plaintiffs' rights to audit Third-Party Defendants' franchises, pursuant to Section 11.A of the Franchise Agreements.

65.     Pursuant to Section 11 of the Franchise Agreement, Third-Party Plaintiffs are entitled to a full audit of all Third-Party Defendants' books, records, and accounts relating to the Business. Pursuant to Section 10 of the Franchise Agreement, such records include but may not

be limited to: "(1) cash disbursements journal and weekly payroll register; (2) copies of all government mandates forms, certifications and affidavits; (3) monthly bank statements and daily deposit slips and canceled checks; (4) all tax returns relating to the Business and of each of the Principal Owners; (5) suppliers' and customers' invoices (paid and unpaid); (6) quarterly profit and loss statements; and (7) such other records and information as we periodically may request."

66. Third-Party Plaintiffs hereby demand that Third-Party Defendants turnover all "Records" as that term is defined in Section 10 of the Franchise Agreements, for immediate review and audit by Third-Party Plaintiffs or their designees.

67. Third-Party Plaintiffs are entitled to an order directing Third-Party Defendants to immediately turnover all Records for the relevant damages period for audit and review.

## COUNT II: Declaratory Judgment – Counterclaim Defendants and Third-Party Defendants are the Employers of Plaintiff-families

68. Each of the proceeding factual allegations is incorporated herein, the same as if fully set forth herein.

69. In the Second Amended Complaint, the "Plaintiff-families" claim that they are the victims of employment law violations. The "Plaintiff-families" further claim they are Third-Party Plaintiffs' employees, not Counterclaim Defendants' or Third-Party Defendants' employees.

70. However, the "Plaintiff-families" are, in fact, Counterclaim Defendants' and Third-Party Defendants' employees. Pursuant to Sections 9 and 18.A of the Franchise Agreements, Third-Party Defendants agreed that they operate independent businesses, that they are not the franchisors' employees, that they would hire their own employees, that they would obey all labor and employment laws and regulations with respect to such employees, and that the

franchisors do not control or direct the details, manner, or means by which they perform their obligations and responsibilities.

71.     An actual and justiciable controversy between and among the parties exists within the meaning of 28 U.S.C. § 2201, regarding whose employees the "Plaintiff-families" are.

72.     Third-Party Plaintiffs are entitled to a declaration that the "Plaintiff-families" are Counterclaim Defendants' and Third-Party Defendants' employees, and Counterclaim Defendants and Third-Party Defendants are thus liable to "Plaintiff-families" for any labor or employment law violations and any damages that may flow from those violations.

**COUNT III: Indemnity/Breach of Contract Against Third-Party Defendants**

73.     Each of the proceeding factual allegations is incorporated herein, the same as if fully set forth herein.

74.     All seventeen claims raised in the SAC assert that Third-Party Plaintiffs are currently or imminently liable for alleged injuries that the "Plaintiff-families" (*i.e.*, the employees of Third-Party Defendants' and Counterclaim Defendants' franchised businesses) allegedly sustained.

75.     Third-Party Plaintiffs deny that they are liable for any claims raised in the Second Amended Complaint. To the extent that they are held liable for any claims, however, they are entitled to indemnification from Third-Party Defendants for liabilities, losses, or damages that stem directly from claims asserted by the "Plaintiff-families".

76.     Each Third-Party Defendant has unconditionally agreed to indemnify and hold harmless Third-Party Plaintiffs, including by and through the express terms of Section 18.B of the Franchise Agreement.

77.     Each Franchise Agreement is a binding and valid contract.

78.     Third-Party Plaintiffs have performed all obligations under each Franchise Agreement.

79.     Third-Party Defendants have breached and continue to breach the foregoing agreements by virtue of their failure to indemnify and hold harmless Third-Party Plaintiffs for liabilities, losses, and damages, asserted against them in this action by "Plaintiff-families."

80.     Third-Party Plaintiffs have been, and will continue to be, damaged in an amount to be determined at trial as a direct and proximate result of these contractual breaches, which Plaintiffs seek to recover in this action.

## COUNT IV: Attorneys' Fees

81.     Each of the proceeding factual allegations is incorporated herein, the same as if fully set forth herein.

82.     Each Franchise Agreement is a binding and valid contract.

83.     Each Franchise Agreement establishes, in relevant part, that "[t]he nonprevailing party will pay all costs and expenses that the prevailing party incurs in any action brought to enforce any provision of this Agreement or to enjoin any violations of this Agreement." Agmt. § 19.C.

84.     Third-Party Plaintiffs have performed all obligations under each Franchise Agreement.

85.     If Third-Party Plaintiffs are the prevailing party in any part or claim in the underlying action, they are entitled to an order from the Court instructing Third-Party Defendants to pay Third-Party Plaintiff for all attorneys' fees and costs incurred related to that part or claim in an amount to be determined at trial.

## Prayer for Relief

WHEREFORE, THIRD-PARTY PLAINTIFFS request that the Court enter judgement:

a.  Declaring, pursuant to 28 U.S.C. § 2201, that Third-Party Plaintiffs are entitled to a full and immediate audit of Third-Party Defendants' businesses, pursuant to Section 11 of the Franchise Agreements and ordering Third-Party Defendants to immediately produce all "Records" as that term is defined in the Franchise Agreements;

b.  Declaring, pursuant to 28 U.S.C. § 2201, that Third-Party Defendants are the employers of Plaintiff-families and are thus liable for any alleged injuries and damages that flow from any employment related claim made by Plaintiff-families in this action;

c.  For judgment against Third-Party Defendants for indemnification for all claims and damages alleged by Plaintiff-families against Third-Party Plaintiffs;

d.  For attorneys' fees and costs based on the Franchise Agreements; and

e.  Granting such other and further relief to which Third-Party Plaintiffs may be entitled.

Respectfully submitted this 5th day of April 2023, by:

> s/Michael R. Gray
> Michael R. Gray (*pro hac vice*)
> Michael.Gray@lathropgpm.com
> Craig P. Miller (*pro hac vice*)
> Craig.Miller@lathropgpm.com
> Frank J. Sciremammano (*pro hac vice*)
> Frank.Sciremammano@lathropgpm.com
> David C. Archer (*pro hac vice forthcoming*)
> David.Archer@lathropgpm.com
> LATHROP GPM LLP
> 500 IDS Center
> 80 South Eighth Street
> Minneapolis, MN  55402

Joseph Vance, P.C.
Miller Nash LLP
500 Broadway Street, Suite 400
Vancouver, WA  98660
Joseph.Vance@millernash.com

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS AND THIRD-PARTY PLAINTIFFS NATIONAL MAINTENANCE CONTRACTORS LLC AND NMC FRANCHISING LLC'S THIRD-PARTY COMPLAINT** via CM/ECF as follows on the date stated below:

Mayra A. Ledesma
mayra@nwjp.org
Corinna Spencer-Scheurich
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington St., Suite 225
Portland, OR 97205

D. Michael Dale
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113

Daniel Werner
dan@decaturlegal.com
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave, Suite 1080
Decatur, GA 30030
*Attorneys for Plaintiffs*

Phil Goldsmith
phil@lopglaw.com
Law Office of Phil Goldsmith
1205 NW 25th Street
Portland, OR 97210
Telephone: (503) 545-9904

Dated this 5th day of April 2023.


By: s/Michael R. Gray